**Jess Michael BLASINGAME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–477–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1986.

Michael Ramsey, George Tyson, Jr., Houston, for appellant.

John Holmes, Jr., Dist. Atty., William Delmore, III, Richard Mason, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The conviction is for official oppression. Trial was to the court on a plea of not guilty; punishment was confinement which was probated and a fine. Issues on appeal are the sufficiency of the indictment and the evidence. We reverse.

Omitting its formal parts, the indictment alleged that on July 27, 1984 appellant did:

> while a public servant, namely, the Mayor of Jacinto City, Texas, and while acting under color of his office and employment, intentionally subject ELIZABETH TARTALI, hereafter styled the Complainant, to mistreatment by threatening to commit a felony, by threatening sexual assault, by threatening incarceration, and by threatening the Complainant in a public place in an obviously offensive manner, knowing that his conduct was unlawful.

In his third ground of error appellant contends the evidence is insufficient to prove that appellant was "acting under col-

or of his office or employment" on the occasion in question. A review of the evidence in the light most favorable to the court's finding as it relates to this issue is necessary.

Appellant was the mayor of Jacinto City, Texas. On the night of the offense, following a meeting of the city council, he and two others went to several clubs and had several drinks. At about two-thirty in the morning, they appeared at the Peppermint Palace, an establishment featuring nude dancing and "dirty" movies. The door of the establishment was locked and entry was gained by the sounding of a buzzer, approval, and the payment of a cover charge. Appellant sounded the buzzer and exhibited, to the dancer who answered, his opened billfold containing a badge. The badge strongly resembled that of a peace officer. It contained the purported seal of "The Great State of Texas" and was engraved "Mike Blasingame, Mayor, Jacinto City, Texas." The female then announced "Houston vice cops" and permitted the three to enter without paying the cover charge. Appellant and his companions went to the bar, "showed their badges, ... said they were vice cops," and ordered drinks. When they were informed no alcohol was served in the club, they each settled for a "near beer." Appellant, the bartender and the bartender's wife then engaged in a bitter dispute during which appellant threatened to sexually assault the bartender's wife, to arrest her and take her "downtown." Houston officers were eventually called and appellant and his companions were arrested, but subsequently released at the scene into the custody of the chief of police for Jacinto City. The court could have found other acts to have been committed by appellant and the others, but this is not essential to our discussion of appellant's contention.

The indictment was drawn under Section 39.02 of the Penal Code, providing:

> (a) A public servant acting under color of his office or employment commits an offense if he:

> (1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;

> .　.　.　.　.

> (b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity. Tex.Penal Code Ann. § 39.02 (Vernon 1974).

This section was first adopted as a part of the newly revised 1974 Texas Penal Code. Our prior law did not contain a provision penalizing official oppression.

The genesis for this section was Model Penal Code Sec. 243.1, which provided:

> A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor if, knowing that his conduct is illegal, he:

> (1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

> (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity. Model Penal Code § 243.1 (1980).

Unlike the Model Penal Code provision which applies to any "person", Section 39.-02 applies only to any "public servant." The question then becomes what the intent of the legislature was in so restricting the Texas statute. In the Practice Commentary by Searcy and Patterson, following Section 39.02, they state "[t]he state must also prove that the public servant was acting or purporting to act in *his official capacity* or taking advantage of such actual or purported capacity, i.e. acting under color of *his office or employment.*" (emphasis supplied). Tex.Penal Code Ann. § 39.02 Commentary (Vernon 1974).

In the ALI comments on official capacity as contained in Sec. 243.1 of the Model Penal Code, it is stated:

Legislation against oppression discriminates between misbehavior involving the actor's official capacity and purely private wrongdoing by one who incidentally may be a public servant. So far as his private conduct is concerned, an official is subject to the same standards of behavior and penal controls as other persons; he may be prosecuted for violations of law just as anyone else. It is only when he makes use of his official status to wrong another that the more comprehensive prohibitions of the legislation against oppression become appropriate. Thus, an altercation between two policemen on duty leading to an assault by one on the other raises only issues of private wrongdoing, whereas assault by a policeman against a prisoner raises issues of abuse of authority, even if the policeman's motivation is personal. Even in the latter case, as noted above, it may be more appropriate to prosecute the policeman for the crime of assault, which in some cases can assume the proportions of a serious felony. The effect of Section 243.1 in such a case, however, is that the assault would be graded at least at the misdemeanor level irrespective of the grading of the particular assault committed.

Little problem arises where the defendant purports to act in his official capacity, as in the case of an official attempting to extort a confession or to make an unlawful arrest on the basis of a warrant known to be invalid. It has long been settled in federal cases that a public servant who purports to be acting in an official capacity does not save himself from conviction for official oppression by showing that his acts were contrary to law and arguing for that reason that they should be regarded as unofficial. The same result is assured in Section 243.1 by including situations where the person is "acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity."

■ The above discussion leads us to conclude that the legislature restricted the Texas statute such that one must be a public servant acting under color of *his own* office or employment to be guilty of official oppression. There is no evidence that appellant was acting under color of his office as mayor except that he displayed his badge. The state argues:

> that by repeatedly displaying that badge, the appellant purported to act in his official capacity. The appellant would not have possessed the badge if he were not mayor of Jacinto City, and a display of a badge constitutes an implicit claim of authority to act as a public servant. Although the appellant orally identified himself, according to the State's witnesses, as some sort of vice officer, he nevertheless also identified himself as mayor of Jacinto City, by displaying his mayor's badge in support of his asserted authority. The fact that the appellant simultaneously purported to act in two different capacities should not serve to absolve him of guilt of the charged offense."

We know of no authority for a mayor of a city to have a badge. Whether appellant committed acts constituting a violation of the statute denouncing impersonating a public servant or some other statute is not before us. In this case, where there is no evidence that the appellant actually asserted that he was acting under his authority as Mayor of Jacinto City nor evidence that the complainants thought he was acting under his authority as Mayor of Jacinto City, we conclude the evidence is insufficient to prove that appellant was "acting under color of his office or employment" on the occasion in question. Under presently well-established principles, appellant is entitled to an acquittal. It is unnecessary to discuss his other grounds.

The judgment is reversed.