**John D. BRYSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 044–90.**

Court of Criminal Appeals of Texas, En Banc.

April 24, 1991.

---

3. The criminal trespass statute, V.T.C.A. Penal Code, § 30.05 specifies that fencing is notice that entry is forbidden.

Randell W. Friebele, Harlingen, for appellant.

Benjamin Euresti, Jr., Dist. Atty. and John A. Olson, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

After a trial by the court, appellant John D. Bryson was convicted of the misdemean-

or offense of official oppression, V.T.C.A. Penal Code, § 39.02(a)(1) and his punishment assessed at confinement in the Cameron County Jail for a period of ninety days and a fine of $1,000.00, probated for a term of one year.[1] On direct appeal appellant complained that the trial court erred in finding that he "acted under color of his office or employment." The Court of Appeals reversed the trial court's judgment and remanded the cause for an entry of an acquittal in an unpublished opinion, *Bryson v. State*, 13–89–007–CR, November 30, 1989. We granted the State's petition for discretionary review to determine whether the Court of Appeals erred when it "held that the trial court mischaracterized specific testimony as sufficient to prove beyond a reasonable doubt that appellant knowingly acted under color of his office or employment."[2] We will reverse the judgment of the Court of Appeals.

A review of the facts contained in the record is necessary. Appellant, the police chief of La Feria, Texas, interviewed and hired Raquel Moreno (the victim and complaining witness), as a patrol officer. Uncontroverted testimony was provided by Moreno and a State witness, Sergeant Kenneth W. Robertson regarding the following: on August 15, 1987, appellant and Moreno were on duty at the La Feria police department. Upon appellant's request, Moreno read aloud a witness statement to him near his desk. Appellant, unaware of Robertson's presence near the doorway, placed his left arm on her left hip, and then slid his hand down to pinch her buttocks.[3]

---

1. V.T.C.A. Penal Code, § 39.02, provides (with emphasis on part):

    (a) A public servant acting under color of his office or employment commits an offense if he:

    (1) *intentionally subjects another to mistreatment* or to arrest, detention, search, seizure, dispossession, assessment, or lien *that he knows is unlawful*; or

    (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful.

    (b) For the purposes of this section, a public servant acts under his color of office or employment if he acts or purports to act in an

official capacity or takes advantage of such actual or purported capacity.

    (c) An offense under this section is a Class A Misdemeanor.

V.T.C.A. Penal Code, § 39.02 has since been amended on September 1, 1989. The new addition promulgated by the legislature provides:

    (3) intentionally subjects another to sexual harassment.

2. Tex.R.App.P. 200(c)(2).

3. The indictment was handed down on August 24, 1988 and read as follows:

    The grand jurors, for the County of Cameron, State aforesaid, duly organized as such as the

The victim testified that when appellant was police chief, he subjected her to other incidents of sexual mistreatment. She testified to the following instances: when appellant rode in her patrol car he would hold her hand and rub her legs[4]; he objected when she wore her bulletproof vest on the grounds that he would not be able to touch and feel her breasts; and he wanted her to give him a massage. Moreno stated appellant told her that she was hired to perform these "duties" in addition to being a patrol officer. She further testified that she either took appellant's remarks without comment or told him to stop. Moreno also stated that she allowed appellant to touch her because he was her superior officer, and because he threatened that he could be her worst enemy if she refused to cooperate. Moreno reported these incidents to Robertson and dispatcher Esmeralda Briones Reyes, who, at trial, corroborated some of her testimony. Testimony by Robertson included additional on-the-job sexual harassing remarks appellant made to Moreno prior to the indictment date. Several comments made in Robertson's presence were of the nature that Moreno had a nice-looking rear end and that Moreno should not wear her bullet-proof vest because she had nice-looking breasts.

Moreno testified that she feared losing her job because appellant was her boss. She later filed a complaint against appellant with city manager Tom Kolterman who prompted an investigation. Appellant, of course, denied her accusations. She testified that although the sexual mistreatment ceased at this point, appellant made it difficult for her to work by avoiding communications and preventing her from performing certain duties, such as, executing searches and communicating with rape victims.

Eight months following the investigation Kolterman denied a hearing on Moreno's complaint due to lack of evidence based upon his interviews with police department employees. Moreno was eventually discharged. Kolterman testified that Moreno was dismissed because she left cell doors open where prisoners were contained and she failed to search arrested persons for weapons. The record reflects that Moreno had no reprimands prior to filing her complaint regarding the harassment.

The Court of Appeals reversed the trial court and held that the evidence failed to substantiate a finding that appellant acted under "color of office or employment." They further stated that his perverse harassment of Moreno was "personal" and thus, outside the scope of section 39.-02(a)(1). In pertinent part the Court of Appeals held that:

> ... appellant was taking advantage of his position of chief of police only in that he was Moreno's superior officer and the individual who hired her; appellant did not take advantage of his position as a member of the police force, public official, except to the degree that as police officers he and Moreno shared the same workplace. There is no evidence that establishes that the harassment was peculiar to appellant's official position or capacity. Appellant's position as police chief was incidental to his harassment of Moreno. The act of harassment arose out of a supervisory or private capacity, and not out of a "public official" or purported public official capacity.

The Court of Appeals noted this issue as being a case of first impression in Texas. Therefore, the court considered cases affirming convictions of official oppression wherein a public official oppressed a pri-

July Term, A.D.1988, of the 197th Judicial District Court in and for said County, upon their oaths in said Court, present that John D. Bryson hereinafter called the defendant, on or about the 15th day of August A.D. one thousand nine hundred and eighty-seven and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully, while acting under color of his office as chief of police of

La Feria, Texas, take advantage of said official capacity and did intentionally subject Raquel Moreno, a police officer under his supervision, to mistreatment that he knew was unlawful by placing his hand on her buttocks while she was on duty as a police officer for the City of La Feria, Texas ...

**4.** Testimony reflected that appellant often rode with fellow officers in their patrol cars.

vate individual.[5] The Court of Appeals relied on *Blasingame v. State,* 706 S.W.2d 682 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd) to address this issue.

In *Blasingame,* the appellant pleaded not guilty but was convicted by the trial court for official oppression. *See Blasingame,* 706 S.W.2d at 682. The appellant while mayor of Jacinto City, Texas entered a bar establishment at 2:30 a.m. *See id.* at 683. The appellant had been given a badge which identified himself as mayor of the aforementioned town. *Id.* He flashed this badge twice: once to gain access in the bar and the second time when he ordered cocktails. The bartender refused his drink request due to the time and proceeded to serve him nonalcoholic beer. A dispute ensued between appellant, the bartender and the bartender's wife. The appellant had threatened to sexually assault, arrest and take the bartender's wife "downtown." He was subsequently arrested. On appeal appellant contended that the evidence was insufficient to prove he was "acting under color of his office or employment." The Court of Appeals reversed, concluding that the record lacked evidence whereby "appellant actually asserted that he was acting under his authority as mayor or evidence that complainants thought he was acting under his authority as mayor." *Id.* at 683–684.

■ The critical issue in the instant case is whether appellant's action was taken under color of office or employment. In order for a public servant to be convicted under § 39.02(b), it must be proven that the public servant was acting in his official capacity or was taking advantage of such actual capacity.[6] *See Blasingame,* 706 S.W.2d at 683–684.

The *Blasingame* decision is distinguishable because the case at bar contains sufficient facts to show that appellant was "acting under color of his office or employment." Appellant's unlawful act was committed while he purported to act in his official capacity. When the incident took place appellant and Moreno were working in their official capacity. He was the chief and she was the patrol officer. At appellant's request, Moreno read a witness statement to him when he placed his hands on her buttocks. Robertson stood nearby and witnessed this incident. Appellant's act (placing his hand on Moreno's buttocks) was clearly an abuse, as well as a misuse, of power which tended to exceed the scope of his duties. He persistently engaged in the sexual mistreatment of his female subordinate. He continued to remind the victim that he was a powerful person, i.e., he could be her worst enemy. In this way, appellant's position as police chief was in no way "incidental to his harassment of Moreno." On the contrary, it was the means to accomplishing that harassment without fear of rejection.

■ The Court of Appeals' holding and interpretation of V.T.C.A. Penal Code, § 39.02 attempts to bar prosecution of conduct arising between public officials and employees in the course of their employment relationship. The effect of the court's holding limits prosecution for this offense to those situations whereby an accused is either a public official or employee and the victim is a private individual.

An interpretation and reading of V.T. C.A. Penal Code, § 39.02 shows that the Court of Appeals misconstrued the statute and its application to public officials and employees. V.T.C.A. Penal Code,

---

**5.** *See Emerson v. State,* 727 S.W.2d 267, 268 (Tex.Cr.App.1987) (a police officer detained a woman in order to pressure and persuade her to engage in sexual intercourse with him); *Rendon v. State,* 695 S.W.2d 1, 2 (Tex.App.—Corpus Christi 1984, pet. ref'd) (a county deputy sheriff had officers seize and hold in jail two individuals for whom there were no arrest warrants and against whom no charges were filed); *Zuniga v. State,* 664 S.W.2d 366, 368 (Tex.App.—Corpus Christi 1983, no writ) (a police officer offered a woman a ride home, turned down a dead-end road and mentioned that he wanted to be with her).

**6.** V.T.C.A., Penal Code § 39.02(b) states as follows:

For the purposes of this section, a public servant acts under his color of office or employment *if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.*

§ 39.02(a)(1) provides that "a public servant acting under color of his office or employment commits an offense if he: intentionally subjects *another* (emphasis added) to mistreatment ..." In interpreting the statute it is necessary that "another" be "read in context and construed according to the rules of grammar and usage." Tex. Gov't.Code § 311.011(a) (Vernon 1985). "Another" is defined as "a person other than the actor." V.T.C.A. Penal Code § 1.07(a)(4). The language of the statute is unambiguous and clearly intends to prosecute a public servant who acts under color of his office or employment whether the oppressed person is a private individual or an employee of the public servant's office.

After viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989). We hold that appellant acted "under color of office."

Therefore we reverse the judgment of the Court of Appeals and remand this case to that Court to resolve the points of error unanswered on original submission.