**John D. BRYSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–007–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 27, 1991.

James R. Mardis, Randell W. Friebele, Harlingen, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

In a bench trial, appellant was convicted of official oppression (Tex.Penal Code Ann. § 39.02(a)(1) (Vernon 1989)) and sentenced to ninety days' confinement in the Cameron County Jail, and a $1,000.00 fine, probated for one year. On original submission, this Court held that the evidence was insufficient to sustain his conviction. The Court of Criminal Appeals granted the State's petition, found that sufficient evidence did exist to convict appellant, and remanded, directing this Court to address the points of error which were unanswered on original submission. *Bryson v. State,* 807 S.W.2d 742 (Tex.Crim.App.1991). In the two remaining points, appellant complains of error in the trial court's evidentiary rulings. We overrule these points of error and affirm the judgment of the trial court.

We will briefly review the facts. Appellant was chief of the La Feria Police Department, and he hired the complainant, Raquel Moreno, as a police officer. One day when appellant and Moreno were on duty together, appellant asked Moreno to read him a witness statement. At his request she moved closer to him at his desk, after which appellant "placed his left arm on her hip, and then slid his hand down to pinch her buttocks." *Bryson,* 807 S.W.2d at 743.

In his second point of error, appellant complains that the trial court erred in refusing to allow testimony of the complainant's character because that evidence was relevant to his defense. Without regard to whether appellant's defense would have permitted him to solicit evidence of the victim's character, we find only one occasion on which appellant did obtain an adverse ruling to his request to elicit certain "character" evidence—on counsel's cross-examination of Moreno. Appellant's counsel asked Moreno if she had had an affair with Sergeant Robertson (one of the State's witnesses who testified that he had seen appellant pinching Moreno's buttocks). Moreno denied it. Counsel then asked her opinion of the veracity of any witnesses who would testify that they had seen Moreno and Robertson together at motels. This line of questioning was cut off by the State's objection. The question would not have elicited any evidence of Moreno's character, and since her opinion of another witness's veracity does not implicate her character, exclusion of this evidence did not deny appellant the opportunity to establish his defense. In our review of the record, we can find no instance in which character evidence was kept out. When a defendant has obtained no adverse ruling, nothing is preserved for appeal. *Gaines v. State,* 789 S.W.2d 926, 927–28 (Tex.App.—Dallas 1990, no pet.); Tex.R.App.P. 52(a). Furthermore, appellant's counsel made no offer of proof or bill of exception containing the substance of any such excluded evidence. Therefore, there is no complaint properly

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1989).

before us for review. *Tovar v. State,* 777 S.W.2d 481, 491–92 (Tex.App.—Corpus Christi 1989, pet. ref'd); Tex.R.App.P. 52(b), (c). Accordingly, point two is overruled.

In his third point of error, appellant contends that the trial court erred in allowing Esmeralda Reyes to testify about appellant's extraneous misconduct. Esmeralda Reyes appeared as a witness for the State during its case in chief. She testified that appellant had made offensive remarks and sexual advances to her on the job and that she had also witnessed appellant behaving the same way to Moreno. Reyes testified to specific instances of appellant's behavior that were similar to acts complained of by Moreno—that appellant kept "dirty magazines" at his desk, that he often tried to put his arm around her at work, that he requested her to "massage him" or "rub his back," and when she refused, he would tell her that other women who would comply with his requests had applied for her job. Both women also testified that appellant had a key chain of an "erected gorilla" which he would use in making offensive gestures to them.

■ Generally, prior crimes or bad acts of a defendant are inadmissible to prove that he has a bad character or a propensity to commit the offense charged. *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim. App.1983); Tex.R.Crim.Evid. 404(a), (b). However, evidence of other crimes, wrongs, or acts may be admissible to prove motive, intent, plan, knowledge, or lack of mistake or accident. *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App. 1990); Tex.R.Crim.Evid. 404(b). "Extraneous offense evidence that logically serves any of these purposes is relevant beyond its tendency to prove the character of the person to show that he acted in conformity therewith. It is therefore admissible, subject to the trial court's discretion to exclude it if its probative value is substantially outweighed by the danger of unfair prejudice...." *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App.1990).

In *Montgomery,* the accused had been convicted of two counts of indecency with a child. The Court of Criminal Appeals found that the trial court had abused its discretion in allowing evidence that the accused had frequently walked around naked, with an erection, in front of his daughters. *Montgomery,* 810 S.W.2d at 397. The State had used the testimony in its case in chief to prove specific intent and to "shore up" testimony of the complainants. The Court found the evidence unnecessary because appellant's lascivious intent was clearly revealed by his conduct—touching his daughters' genitals. The additional evidence of his exhibitionism was substantially more prejudicial than probative.

■ In appellant's case, there was no direct evidence of appellant's intent, and intent could not necessarily be inferred from the act itself. The State had to show that appellant *intentionally* subjected Moreno to mistreatment that he knew was unlawful. Tex.Penal Code Ann. § 39.-02(a)(1) (Vernon 1989). Therefore, evidence of his intent was admissible in the State's case in chief. *See Morgan v. State,* 692 S.W.2d 877, 880 (Tex.Crim.App.1985). The evidence of his prior conduct with Reyes was relevant to establish that the pinching incident with Moreno was not accidental or inadvertent, but rather, was an intentional act on appellant's part and took place as part of an ongoing conscious plan or scheme of harassment. The record shows that the trial court allowed the evidence for the purpose of showing intent, plan, knowledge, or absence of mistake or accident, and not as proof of appellant's character. It is well established that extraneous offenses are admissible to negate or rebut the possibility of accident. *Baldonado v. State,* 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd). Since Reyes's testimony was necessary to establish the element of intent and to negate the claim of accident, we find no error in the trial court's admission of this evidence.

■ The record shows that the trial court properly ruled against appellant on his Rule 404 objection, and appellant made no further objection. Under previous case law, *see Williams v. State,* 662 S.W.2d 344 (Tex.Crim.App.1983), evidence of extrane-

ous misconduct was admissible if it was relevant to a material issue in the case, and its relevancy value outweighed its inflammatory or prejudicial potential. *See also Montgomery,* 810 S.W.2d at 388. Formerly, an objection on grounds that the evidence constituted extraneous misconduct was sufficient to raise *both* the relevance and the probity/prejudice issues. *Montgomery,* 810 S.W.2d at 388–389; *Crank v. State,* 761 S.W.2d 328, 342 n. 5 (Tex.Crim. App.1988). In *Montgomery,* the Texas Court of Criminal Appeals discussed the proper procedure under the new rules of criminal evidence for challenging extraneous misconduct evidence. Once a Rule 404 objection is made and the trial court finds that the evidence is relevant to show something apart from character conformity (such as motive, identity, intent, opportunity, preparation, absence of mistake or accident), the trial court "should admit the evidence, absent a further objection by the opponent." *Montgomery,* 810 S.W.2d at 389. "It is now incumbent upon ... [the opponent], in view of the presumption of admissibility of relevant evidence, to ask the trial court to exclude the evidence by its authority under Rule 403, on the ground that the probative value of the evidence ... is substantially outweighed by the danger of unfair prejudice." *Montgomery,* 810 S.W.2d at 389.

■ As previously noted, the trial court properly ruled against appellant's Rule 404 objection, and appellant's counsel never made a Rule 403 objection. According to procedure under the new rules, any complaint that the evidence was improperly admitted has not been properly preserved for review. Tex.R.App.P. 52(a). Even if appellant had properly preserved error under *Montgomery,* the evidence was admissible because the probative value was not substantially outweighed by the danger of unfair prejudice. Point three is overruled.

The judgment of the trial court is AFFIRMED.