NO. 07-11-0407-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 20, 2012

_____


KEITH FREEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 19TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2011-460-C1; HONORABLE RALPH T. STROTHER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**


Appellant, Keith Freeman, was convicted by a jury of assaulting a public servant[1] and sentenced to sixty years confinement. He asserts the trial court erred by (1) permitting the State to introduce an extraneous offense for the purpose of establishing motive and (2) allowing the State to argue Appellant's parole eligibility before the jury during the punishment phase. We affirm.

---

[1]*See* Tex. Penal Code Ann. § 22.01(a), (b)(1) (West 2011).

**BACKGROUND**

At trial, Officer Charles Herrin, a Waco police officer, testified that on September 28, 2010, he was assisting narcotics and SWAT officers by conducting surveillance during the execution of a search warrant at the apartment of Larry Branch, a suspected drug dealer. Prior to SWAT's arrival, Officer Herrin observed Branch exit his second-floor apartment and enter the passenger side of a Buick parked on the street adjacent to his apartment complex. As SWAT began executing the search warrant, Officer Herrin was directed to stop the Buick. In doing so, he positioned his unmarked car approximately fifteen to twenty feet to the left of the Buick's front end. He then exited his car, pulled his gun, and began yelling loudly "police" and "let me see your hands." He was not wearing a uniform, however, he was wearing his police badge on a chain around his neck.

Appellant and Branch looked at Officer Herrin but remained in the car as he continued to identify himself and shout commands. Suddenly, Branch opened the passenger door and both occupants appeared to be exiting when they saw another officer approaching from the rear.[2] They returned to their former positions and again made eye contact with Officer Herrin who continued to shout loud, repetitive commands. Appellant then shoved the gearshift on the steering column down, the Buick's tires squealed, and the car accelerated at a high rate of speed toward Officer Herrin.[3] Officer Herrin attempted to enter his car but before he could do so it was struck by the Buick.

---

[2]Officer Kyle Moeller testified that he approached from the rear wearing a vest with "POLICE" printed across the front. He opined that Branch knew he and the officers accompanying him were police officers.

[3]Officer Scott Vaughn testified that, when he was approximately ten to fifteen yards from the Buick, he saw Appellant turn the Buick's tires in Officer Herrin's direction, hit the accelerator and take off.

The collision caused the door to slam, thereby striking Herrin in the forehead, leg and hand. After falling to the asphalt, he observed the Buick continue at a high rate of speed until it struck an unmarked pickup being operated by Officer David Starr.

Sergeant Tim Rhudy observed these events from the balcony of Branch's apartment one hundred feet away. He testified he could hear Officer Herrin loudly giving commands and identifying himself as a police officer. He also testified the Buick continued to accelerate after striking Officer Herrin's car until it struck the unmarked pickup. Officer Vaughn testified that, after the Buick struck Officer Starr's pickup, Appellant exited and continued to attempt to flee. With Officer Herrin's assistance, Officer Vaughn was able to detain Appellant.

Appellant testified he met Branch in his car for the purpose of purchasing a small amount of marijuana. They were talking when Officer Herrin drove up and exited his car with his gun drawn. Appellant testified he did not see Officer Herrin's badge and believed he was going to rob or kill him. He panicked, released the steering wheel, fell to the floorboard, accidently hitting the accelerator, while the car was in "drive." During Appellant's direct examination the following exchange occurred:

> Q. Now, how come you know you wouldn't have been trying to run from [Officer Herrin]? If you thought it was an officer, would you have tried to run?
>
> A. I didn't have any warrants. All I had was a misdemeanor, a small bag of marijuana, and that was a misdemeanor. There was no reason for me to run other than fear for my life.

3

Appellant testified that, because he was in possession of a small amount of marijuana at the time of the incident, he knew from past experience that he would only get a small amount of jail time if he were arrested and, if he had known Officer Herrin was a police officer, he "would have put [his] car in 'park.'" After Appellant testified, both sides rested and court was adjourned for the day.

The next morning the State announced it wished to offer rebuttal testimony to counter the defense's theory of motive, i.e., that Appellant had no reason to attempt to flee because he was in possession of only a misdemeanor amount of marijuana. Appellant's objection to the introduction of that evidence was overruled. Prior to the presentation of that testimony, the trial court previewed a limiting instruction stating the jury could consider the State's testimony only for purposes of rebutting the theory that the defendant had no motive to engage in the conduct for which he was on trial and to determine credibility if the jury believed the extraneous offense testimony beyond a reasonable doubt. When asked, Appellant's counsel had no objection to the limiting instruction.[4] Thereafter, Officer Justin Fulp testified that less than two weeks earlier, on September 16, 2010, he had arrested Appellant for felony possession of a controlled substance, to-wit: cocaine. Christina Lopez, an employee of Hill Bail Bonds, next testified that Appellant had been released on a felony bond on September 28th, the date of Appellant's arrest on the instant offense.

During closing arguments, the State opined that because a condition of Appellant's bond on the prior possession of a controlled substance charge was that he commit no criminal offense, he had every motivation to attempt to flee rather than be

---

[4]A similar extraneous offense instruction was included in the jury charge without objection.

4

arrested for possession of marijuana, thereby causing his felony bail to be revoked.  At that time, no objection was made to the State's closing argument.

### I. EXTRANEOUS OFFENSE

In his first issue, Appellant claims the trial court erred in admitting the testimony of Officer Fulp and Christina Lopez regarding Appellant's prior arrest for felony possession of cocaine and subsequent bail.

### A. STANDARD OF REVIEW

We review a trial court's admission or exclusion of extraneous offense evidence under an abuse of discretion standard.  *Moses v. State,* 105 S.W.3d 622, 627 (Tex.Crim.App. 2003).  To obtain a reversal of a conviction based on error in the admission of evidence, an appellant must establish that the trial court's ruling was outside the zone of reasonable disagreement and the error affected his substantial rights.  *See Page v. State,* 213 S.W.3d 332, 337 (Tex.Crim.App. 2006); *Hernandez v. State,* 205 S.W.3d 555, 558 (Tex.App.—Amarillo 2006, pet. ref'd).  *See also* Tex. R. App. P. 44.2(b).  Further, a trial court's decision regarding the admissibility of evidence will be sustained if correct on any theory of law applicable to the case even when the court's underlying reason for the decision is wrong.  *Morales v. State,* 293 S.W.3d 901, 911 (Tex.App.—Texarkana 2009, pet. ref'd) (citing *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex.Crim.App. 1990)).

## B. RELEVANCY

Although the general rule is that evidence of extraneous crimes is not admissible, such evidence can be admitted if it satisfies the requirements of the following two-prong test: (1) the offense is relevant to a material issue in the case other than the issue of the defendant's character; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See Toliver v. State,* 279 S.W.3d 391, 394 (Tex.App.—Texarkana 2009, pet. ref'd), *cert. denied,* ___ U.S. ___, 130 S.Ct. 3417, 177 L.Ed.2d 330 (2010). Whether an issue is material is determined by "the respective theories proffered by the State and the defense." *Id.* For example, evidence of extraneous crimes may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Tex. R. Evid. 404(b).[5]

For instance, it is "well-established that extraneous offenses are admissible to negate or rebut the possibility of accident." *Booker v. State*, 929 S.W.2d 57, 63 (Tex.App.—Beaumont 1996, pet. ref'd) (citing *Bryson v. State*, 820 S.W.2d 197, 199 (Tex.App.—Corpus Christi 1991, no pet.)). Here, Appellant testified on direct examination that he accidently struck the police vehicles, i.e., when he saw Officer Herrin's weapon, he slid down to the floorboard and *accidently* hit the gas pedal while his car was in "drive." Accordingly, the State was entitled to rebut this defensive theory with evidence that Appellant struck Officer Herrin's car while attempting to flee. *See Booker,* 929 S.W.2d at 63.

---

[5] Throughout the remainder of this opinion, provisions of the Texas Rules of Evidence will be cited as "Rule ___."

Furthermore, evidence of motive is "generally admissible because it is relevant as a circumstance tending to prove guilt." *Russo v. State*, 228 S.W.3d 779, 774 (Tex.App.--Austin 2007, pet. ref'd) (citing *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Crim.App. 1982)); *Booker*, 929 S.W.2d at 63 ("Evidence of motive is always proper to assist in proving the defendant committed the charged offense.") Here, the extraneous offense tended to establish that Appellant's motive for assaulting Officer Herrin was to avoid revocation of his felony bail. See *Porter v. State*, 623 S.W.2d 374, 386 (Tex.Crim.App. 1981), *cert. denied*, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982) (appellant's commission of a robbery eleven days before his murder of a police officer admissible because the prior crime created an inference that his motive for murder was to avoid apprehension). *See also DeLeon v. State,* 937 S.W.2d 129, 135-36 (Tex.App.—Waco 1996, pet. ref'd) (appellant's prior theft of automobile admissible to create inference that his motive for beating police officer at subsequent traffic stop was to escape); *Peterson v. State,* 836 S.W.2d 760, 762-63 (Tex.App.—El Paso 1992, pet. ref'd) (appellant's possession of a pistol, ammunition and marijuana in an automobile admissible not only to explain his motive for attempting to flee and assaulting officers but also to rebut defendant's assertion of self-defense). Thus, we find evidence of Appellant's earlier arrest for possession of cocaine was both relevant and within at least two exceptions found in Rule 404(b). *See DeLeon,* 937 S.W.2d at 136; *Booker*, 929 S.W.2d at 63.

## C. PREJUDICIAL NATURE V. PROBATIVE VALUE

Having found the evidence of Appellant's prior arrest relevant, we next review the trial court's balancing of the prejudicial nature of this evidence against its probative

value.  *See* Rule 403; *Mozon v. State,* 991 S.W.2d 841, 847 (Tex.Crim.App. 1999). Rule 403 favors the admissibility of evidence and carries a presumption that relevant evidence will be more probative than prejudicial.  *Allen v. State*, 108 S.W.3d 281, 284 (Tex.Crim.App. 2003), *cert. denied*, 540 U.S. 1185, 124 S.Ct. 1405, 158 L.Ed.2d 90 (2004) (citing *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex.Crim.App. 1996), *cert. denied*, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997)).

When a Rule 403 objection is made, the trial court must engage in a balancing process.  *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App. 1991) (op. on reh'g).  In evaluating a Rule 403 determination, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion," recognizing that the trial court is in a superior position to gauge the impact of the evidence and to balance the relevant factors.  *Mozon*, 991 S.W.2d at 847. Factors that may be used in the balancing process include (1) the inherent probative value of the evidence, (2) the similarity of the conduct to the offense on trial, (3) the strength of the evidence of the extraneous conduct, (4) the nature of the extraneous conduct and its potential for impressing the jury in irrational, indelible ways, (5) the trial time necessary to develop the evidence, giving consideration to whether the jury's attention will be diverted from the offense on trial, and (6) the State's "need" for the evidence including (a) the availability of other evidence which tends to accomplish the same "other purpose," (b) the strength of the other evidence, and (c) whether the purpose served by the admission of the extraneous evidence relates to an issue in dispute.  *Montgomery*, 810 S.W.2d. at 389-90.

Testimony that Appellant was arrested for felony drug possession only twelve days prior to the assault on Officer Herrin is inherently probative because it creates an inference that the assault upon Officer Herrin was not accidental and Appellant had a motive for attempting to flee. Evidence of the prior drug arrest is also non-character conforming evidence, clearly dissimilar from the assault of a public servant. Furthermore, Officer Fulp's account of the prior arrest was not contested. The nature of the extraneous offense was neither "gruesome" nor "shocking" and exhibited little potential to improperly impress the jury. Moreover, the development of the evidence took only a short portion of the trial. Finally, the State's need for the evidence is not questionable because Appellant testified on direct that striking the officers' vehicles was accidental and he had no reason to flee from or assault Officer Herrin.

Appellant contends the State was required to show that he had direct knowledge that his felony bond would be revoked if he was found in possession of marijuana on September 28. The State is not required to present direct evidence of an extraneous offense. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). Indeed, circumstantial evidence is as probative as direct evidence and circumstantial evidence alone can be sufficient. *See Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

Further, Appellant's assertion that there was no legal or constitutional basis for Appellant's felony bond to be revoked due to a subsequent charge of misdemeanor marijuana possession is presented for the first time on appeal. Because this complaint was not presented to the trial court, it was not preserved for our review. *See* Tex. R. App. P. 33.1(a)(1)(A) (To preserve an evidentiary complaint on appeal, the appellant must raise a specific complaint at trial.) *See also Guevara v. State,* 97 S.W.3d 579, 583

9

(Tex.Crim.App. 2003); *Goodwin v. State,* 799 S.W.2d 719, 738-39 (Tex.Crim.App. 1990).

Having reviewed the record as a whole and giving due deference to the trial court, we cannot say it abused its discretion in finding the danger of unfair prejudice did not substantially outweigh the probative value of the State's proffered extraneous offense evidence. This is particularly so because the trial court gave a limiting instruction without objection before, and after, the rebuttal testimony. *See Abdnor v. State,* 871 S.W.2d 726, 738 (Tex.Crim.App. 1994) (citing *Robinson v. State,* 701 S.W.2d 895, 899 (Tex.Crim.App. 1985)); *Morales,* 293 S.W.3d at 912. Appellant's first issue is overruled.

## II. IMPROPER JURY ARGUMENT

Appellant next contends the State improperly argued his parole eligibility to the jury during the punishment phase of the trial, but concedes there was no objection to the State's argument. He asks this Court to adopt the reasoning of *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985), and excuse his failure to object after a determination that the State's argument was so egregious as to deprive him of a fair trial. Appellant fails to cite any precedent supporting such an application of *Almanza.* There is, however, precedent for the proposition that he waived any right to complain about the State's jury argument because there was no objection or adverse ruling by the trial court. *Johnson v. State,* 68 S.W.3d 644, 655 (Tex.Crim.App. 2002). *See Valencia v. State,* 946 S.W.2d 81, 82-83 (Tex.Crim.App. 1997) (citing *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996)). Appellant's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.