

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00156-CR

HECTOR JIMENEZ                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

----------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F16-1456-362

----------

## MEMORANDUM OPINION[1]

----------

Appellant Hector Jimenez appeals from his retaliation conviction and sixteen-year sentence. In a single issue, he asserts that the evidence was insufficient to support his conviction. Because a rational fact-finder could have found each element of retaliation beyond a reasonable doubt, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

On April 23, 2016, Officer Antonio Barletta, a certified police officer with the Lewisville Police Department, stopped a car driven by Jimenez because Barletta reasonably suspected Jimenez of driving while intoxicated. When Barletta approached Jimenez's car, he smelled alcohol and noticed that Jimenez's eyes were watery. At Barletta's request, Jimenez attempted, but failed, a horizontal-gaze-nystagmus test and then refused any further field-sobriety testing. Barletta arrested Jimenez and handcuffed him. Jimenez "started becoming upset" and once he was in the back of Barletta's patrol car, Jimenez began threatening Barletta and his family:

> When [Barletta and another officer] patted [Jimenez] down and got him in the back of the car, [Jimenez] said several things. He wanted [Barletta's] children to get sodomized and decapitated, called [Barletta] a lot of other words.
>
> . . . .
>
> . . . In the beginning, [Jimenez] was just . . . talking smack, calling [Barletta] a bunch of curse words. On the ride to the jail is when he started saying that his posse is going to load [Barletta] up [i.e., "fill [Barletta] up with bullets"]. [Barletta] better wear [his] bulletproof vest. [Jimenez] said he'll kill [Barletta] tomorrow when he gets out. [Jimenez] said he'll be out tomorrow. He said he's going to kill [Barletta] when he sees [him].

Barletta believed these threats were based on his arrest of Jimenez. Jimenez also began banging his head against the back of the front seat and kicking the backseat window.

A grand jury indicted Jimenez with retaliation and included two punishment-enhancement paragraphs based on his 1994 conviction for burglary

2

of a building and on his 2013 conviction for assault against a public servant. Jimenez pleaded true to the second enhancement paragraph and not guilty to the charged offense.[2] At trial, Barletta testified to Jimenez's statements after his arrest and stated that because driving-while-intoxicated arrestees commonly are released the next day, Barletta was concerned for his three children. A jury found Jimenez guilty of retaliation, found the enhancement paragraph true as instructed by the trial court, and assessed his punishment at sixteen years' confinement.

Jimenez appeals and argues that the evidence was insufficient to support his conviction because "no rational factfinder could have found" him guilty of the charged offense.[3] In our due-process review of the sufficiency of the evidence to

---

[2]The record does not reflect if the State waived the first enhancement paragraph, alleging Jimenez's 1994 conviction for burglary of a building; but Jimenez pleaded true to and the jury was charged on only the second enhancement paragraph, alleging Jimenez's 2013 conviction for assault against a public servant. *See generally* Tex. Penal Code Ann. § 12.42(a), (d) (West Supp. 2017) (providing for enhanced punishments if convicted of third-degree felony with one prior felony conviction and if convicted of any non-state-jail felony with two prior felony convictions). At punishment, the jury heard evidence of several of Jimenez's prior convictions, including the burglary conviction. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West Supp. 2017).

[3]Jimenez does not specify why the evidence was insufficient, point out which retaliation elements had no supporting evidence, or cite any authority supporting his position other than citing cases on the general standard of review. Generally, we would conclude that Jimenez insufficiently briefed this issue and would overrule it as such. *See* Tex. R. App. P. 38.1(i); *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); *Stevens v. State*, Nos. 02-10-00139-CR, 02-10-00140-CR, 02-10-00141-CR, 2011 WL 5119572, at *4 (Tex. App.—Fort Worth Oct. 27, 2011, no pet.) (mem. op., not designated for publication). But to be cautious and mindful of the dictate that we must construe

3

support Jimenez's conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the elements of retaliation beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

To convict Jimenez of retaliation, the State was required to produce evidence that he intentionally or knowingly threatened to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant. *See* Tex. Penal Code Ann. § 36.06(a)(1)(A) (West 2016); *Riley v. State*, 965 S.W.2d 1, 2 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Although police officers are not included in the statutory definition of public servants, courts have routinely interpreted the term to include police officers such as Barletta. *See* Tex. Penal Code Ann. § 1.07(a)(41) (West Supp. 2017), § 36.06(b)(3); *see, e.g.*, *Bryson v. State*, 807 S.W.2d 742, 745–46 (Tex. Crim. App. 1991); *Carriere v. State*, 84 S.W.3d 753, 757 (Tex. App.—Houston [1st Dist.] 2002, pets. ref'd). Jimenez did not threaten Barletta and his children until after Barletta arrested him for driving while intoxicated, supporting a finding that Jimenez's threats were a result of Barletta arresting him—on account of Barletta's service as a police officer. *See, e.g.*, *Martin v. State*, Nos. 09-15-00087-CR, 09-15-00088-CR, 2017 WL 218270, at *3 (Tex. App.—Beaumont Jan.

briefing rules liberally, we will address Jimenez's sufficiency argument. *See* Tex. R. App. P. 38.9.

4

18, 2017, pet. ref'd) (mem. op., not designated for publication); *Brock v. State*, 495 S.W.3d 1, 16–18 (Tex. App.—Waco 2016, pet. ref'd); *Wiggins v. State*, 255 S.W.3d 766, 773 (Tex. App.—Texarkana 2008, no pet.); *Hughes v. State*, No. 01-01-00698-CR, 2002 WL 2025434, at *1–2 (Tex. App.—Houston [1st Dist.] Aug. 30, 2002, pet. ref'd) (not designated for publication); *cf. Helleson v. State*, 5 S.W.3d 393, 395 (Tex. App.—Fort Worth 1999, pet. ref'd) (finding evidence of defendant's post-arrest, violent threats to police officer factually sufficient to support retaliation conviction). Indeed, Barletta's belief was that Jimenez's threats were a result of his functions as a police officer. We conclude that the evidence allowed a rational fact-finder to find that Jimenez committed the offense of retaliation beyond a reasonable doubt. *See, e.g.*, *Wiggins*, 255 S.W.3d at 773; *Hughes*, 2002 WL 2025434, at *1–2.

Accordingly, we overrule Jimenez's sole issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 7, 2018

5