**Angelo MACK, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–163–CR.**

Court of Appeals of Texas, Fort Worth.

March 8, 1994.

Roxanne Robinson, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, Steven M. Wells, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before LATTIMORE, FARRIS and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Angelo Mack, was convicted by a jury of the offense of delivery of a controlled substance, namely less than twenty-eight grams of cocaine. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992). The jury assessed punishment at fifteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal Mack raises two points of error contending that the trial court erred: (1) by admitting the hearsay testimony of Fort Worth Police Officers over the objection of defense counsel; and (2) by overruling defense counsel's objection to the State's closing argument concerning the issue of identification.

We affirm.

Fort Worth Police Officers McFarland, Francois, and Mason, working undercover, approached a known high narcotic trafficking area on Hatcher Street, Tarrant County, Texas. The officers met a man and explained that they were looking to buy some drugs. This man directed the officers by description and location to Mack, who was located just up the street. Officers observed Mack make a drug transaction. Officer McFarland then made a "buy" signal to

Mack indicating that he wanted to purchase drugs. Mack responded by ultimately selling and delivering crack cocaine to Officer McFarland. Officers gave the arrest team a complete description of Mack and identified Mack by photograph shortly after the arrest. Officer McFarland secured the narcotics and turned them over to the crime lab for analysis. The evidence seized by Officer McFarland was determined by scientific analysis to contain the controlled substance cocaine.

In his first point of error, Mack contends that the trial court erred by admitting the hearsay testimony of Fort Worth Police Officers over the objection of defense counsel. The testimony concerned their conversation with a man who provided the officers with information which led the police to Mack. It is unclear whether Mack complains of all three officers' testimony, or just Officer Mason's testimony. In his brief, he cites to Officer Mason's testimony, defense counsel's subsequent objection, and the trial court's ruling. In fact, three officers testified about the complained-of statements. The State's first witness, Officer McFarland, testified that after approaching the known drug location he questioned a man concerning a purchase of crack cocaine. The man gave Officer McFarland a description of the person who had the drugs and where he was located. Defense counsel timely objected to the prosecutor's first question on hearsay grounds, but the court overruled the objection. Defense counsel did not request a running objection or object to successive questions about the unidentified man's statements. The State's second witness, Officer Francois, testified without objection to this same conversation between Officer McFarland and the unidentified man. The State's third witness, Sergeant Mason, also testified without objection to the same conversation. At the conclusion of Officer Mason's testimony about the conversation, defense counsel made an objection requesting that the three officers' testimony concerning the conversation be stricken as hearsay. The prosecutor first argued that the testimony was non-hearsay because the man was an unindicted co-conspirator. The trial court sustained the objection based on this ground for admittance. The prosecutor then asked that the testimony be admitted for the limited purpose of explaining the officers' actions, and not for the truth of the matter asserted. The trial court let the testimony stand on this basis and gave a limiting instruction that the testimony was not to be considered for its truthfulness, but only to aid in understanding the officers' actions.

■■■ The State argues that any error was not preserved for appeal because Mack failed to timely object to both previous and continued detailed testimony on the admitted matter. We agree. Where a defendant claims on appeal that the trial court erred in admitting evidence offered by the State, the error must have been preserved by a proper objection and ruling on the objection. The objection must be timely. If possible, the defense must object before the evidence is admitted. If it does not become apparent that the evidence is objectionable until after it is admitted, the defense must object as soon as it does becomes apparent, and move to strike the evidence from the record. TEX. R.CRIM.EVID. 103(a)(1); TEX.R.APP.P. 52; *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim.App.1991). Defense counsel must continue to object each time the evidence is offered. "[A]n error in admission of evidence is cured where the same evidence comes in elsewhere without objection." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984). There are two exceptions to the contemporaneous objection rule. Error may be preserved with the continuing or running objection. *See Sattiewhite v. State*, 786 S.W.2d 271, 283–84 n. 4 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990). Defense counsel may also lodge a valid objection to all the offered testimony it deems objectionable on a given subject at one time out of the jury's presence. If the trial court admits the evidence, any error in its admission is preserved. TEX. R.APP.P. 52(b); *Ethington*, 819 S.W.2d at 859.

Here, after defense counsel made a timely objection to a specific prosecution question in the presence of the jury, she failed to continue objecting to other questions which elicited the alleged hearsay. She thus allowed the same evidence to come in without objection. Defense counsel did not utilize either of the

alternate methods of preserving error, by making a running objection, or getting a court ruling to *offered* testimony out of the jury's presence. The objection made at the conclusion of the three officers' *admitted* testimony re-urged the same objection, a ground apparent with the first question, and thus did not preserve error. At that point, defense counsel had already waived any error caused by the admission of the evidence. We hold that Mack did not preserve any error which may have occurred by admitting the officers' testimony of the unidentified man's statements. Point of error one is overruled.

■ In his second point of error, Mack complains that the trial court erred by overruling defense counsel's objection to the State's closing argument concerning the issue of identification. Prior to the complained-of prosecution argument, defense counsel made the following argument:

> [DEFENSE COUNSEL:] The most telling point is the description. Each one of them gave a different description, remember? And most of them, when first asked, they gave a physical description or they very specifically said green shirt with paint on it. . . . And then anything else they [were] very noncommittal. . . . Why is that important . . . whenever they were preparing to testify, they went and looked at this picture in the file and said, oh, yeah, there's paint on the front of that shirt. That's how we'll remember him. He was the one arrested.
>
> And the most incredible statements out of those two officers' mouth[:] . . . If I had seen this man walking down the street outside the courthouse here, I wouldn't have recognized him. . . .

The prosecution's argument in response was as follows:

> [PROSECUTOR:] [Defense counsel] speaks time and time again of the identification that was made by Officer McFarland and by Officer Francois. You notice that she doesn't talk about Sergeant Mason, the most experienced officer in the car. And his testimony on identification [was] not even challenged on cross-examination. . . .

> Now on the one hand [defense counsel] says, well, the officers are lying or mistaken. But yet, it was Officer McFarland that stood on the stand and said, yeah—he was honest about it. Yeah, if I saw him cruising down the street, I probably couldn't recognize him. That's not the test. The test—
>
> [DEFENSE COUNSEL]: Your Honor, I object to that. The test is that—that most clearly is the test. He's got to testify that he recognizes this man because of who is[,] not—
>
> THE COURT: Overrule the objection.
>
> [PROSECUTOR]: The test is whether or not he has an independent memory of the defendant . . .

■ The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App. [Panel Op.] 1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex.Crim.App.1988); *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984). Where the prosecution argument is in response to the argument of defense counsel, the prosecutor should not exceed the scope of the invited argument by going outside the record or leaving a false impression with the jury. *See Bush v. State,* 773 S.W.2d 297, 301 (Tex.Crim.App.1989); *Johnson v. State,* 611 S.W.2d 649, 650 (Tex.Crim.App. [Panel Op.] 1981).

Here, defense counsel argued that the identification by the officers was flawed, because the officers' descriptions varied slightly, and one of the officers testified that he would not be able to identify the defendant if he was walking down the street. The prosecution properly responded to this argument by noting that the defendant was identified by photograph minutes after the arrest was

made, and the statement regarding the officer's later ability to identify the defendant at a distance only shows the officer's honesty. Mack contends that "the prosecutor misstated the law when he told the jurors that the legal 'test' for identification is not whether a witness can identify a defendant from his unaided memory." This contention misstates the prosecutor's argument. Defense counsel actually objected before any "test" was stated, and the prosecutor only finished the statement after the objection was overruled. When the prosecutor did state a test, he said that "[t]he test is whether or not he has an independent memory of the defendant." We hold that the prosecutor's argument was a proper answer to the argument of defense counsel. Point of error two is overruled.

The judgment of the trial court is affirmed.