In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00113-CR


______________________________




DONALD THOMPSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 268th Judicial District Court


Fort Bend County, Texas


Trial Court No. 33,580-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Donald Thompson, appellant, has filed a motion with this court asking us to dismiss his
appeal. Pursuant to Tex. R. App. P. 42.2, his motion is granted.

 The appeal is dismissed.




 Ben Z. Grant

 Justice


Date Submitted: November 20, 2001

Date Decided: November 20, 2001


Do Not Publish



icular ground was apparent
from the context. Tex. R. App. P. 33.1; Lankston v. State, 827 S.W.2d 907, 908-09 (Tex. Crim. App.
1992). In addition, Texas law requires a party to continue objecting each time inadmissible evidence
is offered. Ethington, 819 S.W.2d at 858; Jefferson v. State, 909 S.W.2d 247, 250 (Tex.
App.-Texarkana 1995, pet. ref'd). Any error in admitting the evidence is cured when the same
evidence comes in elsewhere without objection. Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim.
App. 1984); Mack v. State, 872 S.W.2d 36, 38 (Tex. App.-Fort Worth 1994, no pet.).

 For example, in Ethington, 819 S.W.2d at 859-60, the court held that failure to request a
"running" objection or to object to each attempted admission would result in waiver of appellate
review. Ethington was convicted of aggravated robbery and complained on appeal the trial court
erred by admitting evidence of an extraneous offense. Id. at 855. Specifically, the State questioned
a witness about another robbery that had been committed by Ethington and the witness. Id. at 857. 
Ethington objected, claiming the offense was extraneous and inadmissible. Id. After the court
overruled the objection, the State continued to probe into the specifics of the extraneous offense with
no objection from Ethington. Id. Because Ethington failed to continuously object to the State's
questions concerning the offense, the court held that error had been waived. Id. at 859; see Hudson,
675 S.W.2d at 511 (error in admission of evidence is cured when same evidence comes in elsewhere
without objection). 

 In the present case, several witnesses testified Severs told them Daniels shot Whitworth in
the neck and had the gun at the scene of the crime. While Daniels properly preserved error by
objecting to the testimony of Josh Bush, (1) two other witnesses testified to the same matter without
objection. During Corey Glen's testimony, the following exchange occurred: 

 [State]: Would you tell this jury what he [Severs] told you first? 

 

 [Counsel]: I object as hearsay, Your Honor. 

 

 [Court]: Overruled.

 

 [Glen]: That he [Severs] killed a fool. 

 

 . . . .

 

 [State]: And tell the jury what he [Severs] told you the circumstances were when they first
saw this boy and how they eventually got him.

 

 [Glen]: They just got him.


Following  the  above,  the  State  continued  for  the  next  three  pages  of  the  record  to  ask  Glen 

questions about what Severs told him concerning the kidnapping and murder of Whitworth, all
without further objection from Daniels. The complained-of testimony was not elicited until after
those three pages of questioning, well after Daniels had made his hearsay objection. Specifically,
Glen then gave the following testimony: 

 [State]: Now you are going to have to speak up. And I will show you your written
statement if you would like to, to refresh your memory, but what I want to know, and
what this jury needs to know, are the details of what Chase Severs told you that day. 
Now how did they stop this young man, how did they get the car?

 

 [Glen]: Blocked him off at a stop sign. 


 . . . .


 [State]: Now, when they stopped the car, who did he [Severs] tell you got out of the
car and went up to where the young man was?


 [Glen]: Tony [Daniels]. 


 . . . .


 [State]: And where did they go, where did he [Severs] tell you they went? 


 [Glen]: [Whitewright] Cemetery. 


 . . . .


 [State]: Tell this jury what he [Severs] told you happened [sic] when they got to the
cemetery, in Whitewright. 


 [Glen]: He said that they all got out, and they were walking in the cemetery, and he
said Tony [Daniels] shot him in the back of the neck, and that Chase [Severs] had got
the gun and shot him in the cheek and in the forehead, and he said Tony had got the
gun and shot him in the arm or something. 


Similarly, Severs' girlfriend, Jennifer Robertson, gave the following testimony without objection
from Daniels: 

 [State]: And when they got to the cemetery, what happened? 


 [Robertson]: [Severs] told me that they got out of the car, [Severs] was in front, the
boy was in the middle, and [Daniels] was behind him, and they walked across the
field, jumped across some creek, and the gun went off and the boy hit the ground.


 [State]: The gun went off? 


 [Robertson]: Yeah. 


 [State]: Who had the gun? 


 [Robertson]: [Severs] said [Daniels] did. 


 Like Ethington, Daniels did not object each time inadmissible evidence was offered. See
Ethington, 819 S.W.2d at 857. In Ethington, the court held that Texas law requires a party to
continue to object each time inadmissible evidence is offered, unless counsel requests a "running"
objection or lodges a valid objection outside the presence of the jury to all evidence deemed
inadmissible. Id. at 858-59; see Tex. R. App. P. 33.1. In the present case, Daniels failed to ask for
a "running" objection or make an objection outside the presence of the jury with regard to Glen's or
Robertson's testimony. Accordingly, Daniels failed to preserve error for appellate review. 

 For the reasons stated, we affirm the trial court's judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 14, 2002

Date Decided: December 20, 2002


Do Not Publish


1. Daniels objected to any portion of Bush's testimony that related to statements Severs made
concerning the murder of Whitworth.