**AFFIRM and Opinion Filed February 25, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-01180-CR**

**ROLMAN GARCIA-RAMIREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1675687-M**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

A jury convicted appellant of continuous sexual abuse of a child and assessed punishment at thirty-eight years in prison. In a single issue, appellant argues that the trial court erred by admitting hearsay evidence about who sent certain text messages. Assuming the issue was preserved for our review and there was error, the record shows there was no harm since the complainant provided the same or similar testimony without objection. We thus affirm the trial court's judgment.

### I. BACKGROUND

Appellant was charged with continuous sexual abuse of a child, MD, appellant's wife's sister. MD testified about appellant's abuse, which began when she was eight and continued until

she was approximately fourteen. The jury convicted appellant of continuous sexual abuse of a child and assessed punishment at thirty-eight years in prison.

## II. ANALYSIS

Appellant's sole issue argues that the trial court erred by admitting hearsay evidence about whether appellant was the person who sent certain text messages to MD.

### A. Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted and is inadmissible unless a statute or rule of exception applies. TEX. R. EVID. 801(d), 802. A party claiming the erroneous admission of hearsay must make a timely objection and secure a ruling or the issue is not preserved for appellate review. *See* TEX. R. APP. P. 33.1; *Mack v. State*, 872 S.W.2d 36, 38 (Tex. App.—Fort Worth 1994, no pet.) (holding any error in admission of hearsay testimony was not preserved because defendant failed to make a timely objection and secure a ruling on the objection).

The complained-of testimony was elicited through the testimony of MD's sister, Alma. Specifically, appellant complains the testimony was improperly admitted hearsay—that is, that "Alma's testimony that MD told her that the 'unidentified sender' was [appellant] was offered for the truth of the matter asserted."

### B. Was appellant harmed?

Assuming the issue was preserved and that admitting the testimony was error, the record does not demonstrate that appellant was harmed. The erroneous admission of hearsay evidence is

nonconstitutional error. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error requires reversal only when the error affected a party's substantial rights. *See* TEX. R. APP. P. 44.2(b). Error that has a substantial and injurious effect or influence in determining the jury's verdict affects a substantial right. *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).

Here, the complained-of testimony was that appellant sent the text messages to MD. But this was also established through MD's testimony without objection. Specifically, MD testified:

> **PROSECUTOR**: All right. And so you had talked about the defendant giving you gifts, did he ever send you messages?
>
> **MD**: Yes.
>
> . . .
>
> **PROSECUTOR**: Okay. And so when he — what would he send you on your phone?
>
> **MD**: He would send me text messages saying that he loved me. Send me pictures of, like, flowers or, like — I guess, a GIF which says, I love you.
>
> . . .
>
> **PROSECUTOR**: And so he would send you these messages. Did any of your sisters ever see those messages?
>
> **MD**: Yes.
>
> **PROSECUTOR**: What sisters saw some of those messages that the defendant sent you?
>
> **MD**: My sister Edith and my sister Alma.

"Erroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble*, 330 S.W.3d at 282. This holds true even when the evidence is not the same but is very similar or substantially the same evidence. *Estrada v. State*, 313 S.W.3d 274, 302 n. 29 (Tex. Crim. App. 2010) (very similar evidence admitted); *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991) (substantially the same evidence admitted). Therefore, even if the evidence was improperly admitted through Alma, we cannot conclude that appellant suffered harm.

We resolve appellant's sole issue against him and affirm the trial court's judgment.



/Bill Whitehill/
BILL WHITEHILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
171180F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLMAN GARCIA-RAMIREZ, Appellant

No. 05-17-01180-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1675687-M.
Opinion delivered by Justice Whitehill.
Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 25, 2019