11th
Court of Appeals

 Eastland, Texas

            Opinion

 

Mario Marcos
Dominguez

Appellant

Vs.      
 Nos. 11-01-00033-CR
& 11-01-00034-CR  --  Appeals from Dallas County

State of Texas

Appellee

 

In each
cause, the jury convicted Mario Marcos Dominguez of the offense of aggravated
assault with a deadly weapon.  In Cause
No. 11-01-00033-CR, appellant was convicted of assaulting Christy Anna Orona.  In Cause No. 11-01-00034-CR, appellant was
convicted of assaulting Chris Hilliard. 
The jury assessed appellant=s punishment in each cause at confinement for 15 years.  We affirm. 


Appellant
presents two points of error on appeal. 
In the first point, he argues that the trial court erred in admitting
into evidence an affidavit supporting a protective order because its probative
value was substantially outweighed by its prejudicial effect.  TEX.R.EVID. 403.  When performing a Rule 403 balancing test, a trial court must
determine if the probative value of the evidence is substantially outweighed by
the danger of unfair prejudice. 
Montgomery v. State, 810 S.W.2d 372, 389 (Tex.Cr.App.1991).  In making this determination, the trial
court should consider:  (1) whether the
ultimate issue was seriously contested by the opponent of the evidence; (2)
whether the State had other convincing evidence to establish the ultimate issue
to which the disputed evidence was relevant; (3) the compelling nature, or lack
thereof, of the evidence; and (4) the likelihood that the evidence was of such
a nature as to impair the efficacy of a limiting instruction.  Taylor v. State, 920 S.W.2d 319, 322
(Tex.Cr.App.), cert. den=d, 519 U.S. 951
(1996); Montgomery v. State, supra at 392‑93.  We will reverse the trial court=s decision only upon a showing of a clear abuse of discretion.  Wyatt v. State, 23 S.W.3d 18, 26
(Tex.Cr.App.2000); Ransom v. State, 920 S.W.2d 288, 299 (Tex.Cr.App.), cert.
den=d, 519 U.S. 1030 (1996); Montgomery v. State, supra at 390.








The record
shows that the protective order was filed by Orona against appellant less than
one week prior to the date this offense occurred.  Orona and appellant had had a stormy on-and-off-again relationship
as girlfriend and boyfriend.  On the
date of the offenses, appellant went to Orona=s house and confronted Orona and Hilliard, another on-and-off-again
boyfriend of Orona, with a can of mace, an Ax-acto knife,@ and a
screwdriver.  Appellant sprayed mace in
Hilliard=s face and stabbed him in the eye and the
chest with the screwdriver.  Appellant
slit Orona=s throat with the knife; he also cut her hand
when she tried to grab the knife. 
Appellant subsequently received self-inflicted knife wounds, none of
which required surgery.  Hilliard was
hospitalized for one month, and his eye was surgically removed.  

Hilliard
testified about the assault on him and Orona. 
Orona=s mother, who was on the phone with Orona at
the time of the incident, corroborated Hilliard=s testimony.  Orona, however,
did not testify for the State but, rather, for the defense.  Although she had previously made statements
incriminating appellant, she recanted these statements at trial.  Both Orona and appellant related the same
incredible version of events that occurred on the day of the offense.  Orona testified that she had invited
appellant to come over, that Hilliard was the aggressor, and that she had slit
her own throat with the Ax-acto knife@ that
appellant had brought with him.  The
State offered the affidavit in support of the protective order into evidence
during its cross-examination of Orona. 
Defense counsel objected that the prejudicial value of the order
outweighed its probative value.  The
trial court overruled the objection. 
The affidavit details prior instances in which appellant had exhibited
violent tendencies toward Orona.  








After
considering the factors set out in Montgomery, we hold that the trial
court did not abuse its discretion in overruling appellant=s Rule 403 objection and admitting the
evidence.  Appellant=s defense, which had already been established
during appellant=s direct examination of Orona, included the
following:  that Hilliard was the
aggressor, that Orona slit her own throat, and that Orona never felt like she
was in any danger from appellant.  The
affidavit tended to rebut appellant=s defense and to show Orona=s motive for recanting her prior statements.  The affidavit revealed that Orona was Aterrified@ of appellant and in Afear for [her] life.@  Moreover, at the time the
affidavit was offered, other evidence showing appellant=s physical abuse of and violent tendencies
toward Orona had already been introduced into evidence.  Orona=s mother had testified regarding such prior incidents between Orona and
appellant.  See Medina v. State, 7
S.W.3d 633, 643-44 (Tex.Cr.App.1999), cert. den=d, 529 U.S. 1102 (2000)(finding no abuse of discretion under Rule 403
where facts were established elsewhere in the record).  The first point of error is overruled. 

In his
second point, appellant argues that the State impermissibly raised the issue of
parole in its closing argument at the punishment phase of trial.  Appellant, however, did not preserve this
issue for review.  A defendant's failure
to object to a jury argument Aforfeits his right to complain about the argument on appeal.@ 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Cr.App.1996), cert. den=d, 520 U.S. 1173 (1997); see Valencia v. State, 946 S.W.2d 81, 82-83
(Tex.Cr.App.1997); Helleson v. State, 5 S.W.3d 393, 398 (Tex.App. - Fort Worth
1999, pet=n ref=d).  Appellant forfeited his
right to complain on appeal because he did not object at trial.  Consequently, the second point of error is
overruled.  

The
judgments of the trial court are affirmed. 


 

PER CURIAM

 

June 27, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.