NO. 12-02-00005-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LARRY CAMERON SPEARS,
§
 APPEAL FROM THE 115TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 UPSHUR COUNTY, TEXAS

 

 Larry Cameron Spears ("Appellant") appeals his conviction for retaliation, for which he was
sentenced to confinement for three years, probated for three years, and fined five hundred dollars. 
Appellant raises two issues on appeal. We affirm.


Background

 On March 2, 2000, Appellant, his wife and his son, C.S., were scheduled to meet with Milton
Wylie ("Wylie"), a juvenile probation officer, at 3:00 p.m. to discuss the possibility of a deferred
adjudication for C.S. related to allegations that C.S. had been involved in the sale of marijuana. 
According to Wylie, the Spears were running late, so he went to a nearby office to visit with a
colleague. When Wylie returned, the Spears were waiting outside his office and arguing with one
another. When Wylie asked if the Spears were there to see him, Appellant replied in a
confrontational tone, "you don't even remember who your god damned appointment is with."

 The Spears entered Wylie's office and the meeting proceeded. Appellant remained
confrontational, stating approximately six times that he was going to "stomp [Wylie's] ass." 
Melinda Smith, a fellow juvenile probation officer who overheard the argument between Appellant
and Wylie, testified that Appellant was very belligerent about everybody that could possibly be
involved in the case and "wanted everything just dropped." At some point, the argument concerned
whether either the Spears or Wylie was late to the meeting. Ultimately, Wylie terminated the
meeting believing it would not be possible to resolve the situation through deferred adjudication. Wylie testified that in a previous meeting, Appellant had stated that if "this thing is not
dropped, then somebody's going to get hurt." However, Wylie also testified that, at some point, the
March 2 argument between him and Appellant stopped being about business and became personal. 
Wylie further testified that Appellant was "wanting to fight me from doing my job." Moreover,
when asked if Appellant had preceded the "stomp your ass" threat with "don't call my wife a liar,
Wylie stated that "that was involved in this incident."

 Appellant was indicted for intentionally and knowingly threatening to harm Milton Wylie
by an unlawful act, to wit: "stomp his ass," in retaliation for and on account of Milton Wylie's
service as an Upshur County Juvenile Probation Officer. Appellant pleaded not guilty and the matter
proceeded to a jury trial. Ultimately the jury found Appellant guilty as charged and the trial court
sentenced Appellant to confinement for three years, probated for three years, and fined Appellant
five hundred dollars.


Legal Sufficiency

 In his first issue, Appellant contends that the evidence is legally insufficient to support the
jury's verdict. Legal sufficiency is the constitutional minimum required by the Due Process Clause
of the Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6
S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 In order to successfully prosecute Appellant for retaliation, the State of Texas (the "State")
was required to prove that Appellant intentionally or knowingly threatened to harm Wylie in
retaliation for or on account of Wylie's service as a public servant.  See Tex. Pen. Code. Ann. §
36.06(a)(1)(A) (Vernon Supp. 2002). The underlying purpose of section 36.06 is to encourage a
certain class of citizens to perform vital public duties without fear of retribution. Helleson v. State,
5 S.W.3d 393, 395 (Tex. App.-Fort Worth 1999, pet. ref'd). To support a conviction for the offense
of retaliation, the evidence must establish the retributory element found in section 36.06(a)(1), i.e.,
that the unlawful act was committed in retaliation for or on account of another person's service as
a public servant. Id. However, the defendant's retaliatory motivation may be shown by
circumstantial evidence. Id.; Coward v. State, 931 S.W.2d 386, 388 (Tex. App-Houston [14th
Dist.] 1996, no pet.).

 Appellant argues that there is legally insufficient evidence that the threat he made against
Wylie was made on account of Wylie's service as a public servant. We disagree. The record reflects
that the only contact Wylie ever had with Appellant or his family was in the context of his service
as a juvenile probation officer. Wylie testified that in a previous meeting, Appellant had stated that
if "this thing is not dropped, then somebody's going to get hurt." Wylie also testified that Appellant
was wanting to fight Wylie from doing his job. Juvenile Probation Officer Melinda Smith testified
that Appellant was very belligerent about everybody that could possibly be involved in the case and
"wanted everything just dropped." During the meeting with Wylie, Appellant threatened to stomp
Wylie's "ass" approximately six times. From our review of the evidence, it is apparent that there
was not an instant during the March 2, 2000 meeting where the exchange between Appellant and
Wylie was pleasant. We conclude that there was some evidence that Appellant's animosity against
Wylie was not limited to Wylie alone, but rather was directed against Wylie and others who were
involved with Appellant's son's case. It follows that Appellant's threats to "stomp [Wylie's] ass"
were on account of Wylie's service as Appellant's son's juvenile probation officer. Therefore, the
evidence was legally sufficient to support the jury's verdict. Appellant's first issue is overruled.

Factual Sufficiency

 In his second issue, Appellant contends that the evidence is factually insufficient to support

the jury's verdict. In considering factual sufficiency, we first assume that the evidence is legally
sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We then consider all of the evidence in the record related to Appellant's sufficiency
challenge, not just the evidence which supports the verdict. Id. We review the evidence weighed
by the jury which tends to prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We may disagree with the jury's determination, even if probative evidence exists which
supports the verdict. See Clewis, 922 S.W.2d at 133. However, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict
on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88, 96
(Tex. App.-El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). A verdict will be set aside "only if the evidence supporting guilt is so obviously
weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render
the conviction clearly wrong and manifestly unjust." Ortiz v. State, No. 73692, 2002 WL 31116634,
at *5 (Tex. Crim. App. Sept. 25, 2002).

 Here, Appellant directs us to Wylie's testimony that at some point, the March 2 argument
between Wylie and Appellant stopped being about business and became personal. Appellant further
notes that Wylie, when asked if Appellant's "stomp your ass" threat was predicated on the statement 
"don't call my wife a liar," testified that "that was involved in this incident." Considering such
evidence, Appellant argues that the only reasonable conclusion is that Appellant's threats were made
because Appellant felt that Wylie had called his wife a liar or were made as a result of a
disagreement the two were having about the time and place of the appointment.

 Appellant's interpretation of these specific excerpts from Wylie's testimony is not
unreasonable. However, in conducting a factual sufficiency review, we do not consider isolated
excerpts of testimony in a vacuum, but rather consider all of the evidence in the record related to
Appellant's sufficiency challenge. See Clewis, 922 S.W.2d at 134. As we have noted above, there
is a significant amount of evidence to suggest that Appellant's threats to "stomp [Wylie's] ass" were
on account of Wylie's service as Appellant's son's juvenile probation officer. We iterate that our
evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony, see Santellan, 939 S.W.2d at 164, and that where there is
conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. See
VanZandt v. State, 932 S.W.2d at 96. Based on our review of the record, we conclude that the
evidence supporting the jury's verdict is not weak, nor do the excerpts of Wylie's testimony cited
by Appellant overwhelmingly outweigh the evidence supporting the jury's verdict so as to cause us
to conclude that Appellant's conviction is clearly wrong and manifestly unjust See Ortiz, No. 73692,
2002 WL 31116634, at *5 (Tex. Crim. App. Sept. 25, 2002). Therefore, we hold that the evidence
is factually sufficient to support the jury's verdict. Appellant's second issue is overruled.

 Accordingly, we affirm the judgment of the trial court.


 JIM WORTHEN 

 Justice



Opinion delivered November 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.











(DO NOT PUBLISH)