JOHNNY MAXWELL BLACK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-496-CR

JOHNNY MAXWELL BLACK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Johnny Maxwell Black appeals from his conviction for possession of a controlled substance with intent to deliver.  In two points, Black argues the trial court erred in admitting physical and testimonial extraneous offense evidence and in failing to grant a mistrial during the punishment phase following improper comments by the prosecutor regarding the application of parole law.  We affirm.

On July 17, 2002, the North Central Texas Narcotics Task Force searched the garbage outside the home Black was living in and found Ziploc baggies, syringes, and broken glass pipes.  After seizing this evidence, a search warrant was executed on July 22, 2002, to search the residence at 7275 Farm to Market 455 West Sanger, Denton County, Texas, where Black was living.   Before the search warrant was executed, Black along with Mona Moore and two young girls had been at Six Flags, and Black, on two different occasions, left the park to sell drugs.  After they all returned home, the Task Force executed the search warrant and entered the home using a no-knock method entry.  Officer Don Jones saw Moore in the computer room with baggies that had been cut from larger baggies.  The police saw Black coming out of the bedroom wearing a T-shirt and dark colored sweat pants that had white powder stains.  The T-shirt and sweat pants were taken into evidence. 

The police detained Black in the laundry room while they searched the house.  During the search, the police found two sets of scales, Black’s eyeglasses, syringes, a black case containing a baggie with a white powdery substance, a wicker basket containing syringes, cotton swabs, a glass smoking device used to make narcotics, and a Ziploc baggie with a white powdery substance in the master bedroom.  One of the scales had a white powdery substance in its bowl.  Black’s driver’s license, a syringe, and cash were also found in a night stand and dresser drawer in the master bedroom. 

After the evidence was seized, it was tested for drug content at the Texas Department of Public Safety Crime Laboratory in Garland, Texas.  Black’s sweat pants tested positive for methamphetamine.  One baggie containing a white powdery substance tested positive for .86 grams of methamphetamine.  Glass pipes found on the vanity contained 10.53 grams of methamphetamine, and the baggie found in the black case contained 4.73 grams of methamphetamine. 

At trial, the basis for Black’s defense was that the drugs were not his, but belonged to Moore’s husband.  The jury found him guilty of possession with intent to deliver, he pleaded true to two enhancement paragraphs, and the jury sentenced him to life in prison.  This appealed ensued.

In Black’s first point, he argues the trial court erred when it admitted at trial physical and testimonial extraneous offense evidence.  Specifically, Black complains about the trial court admitting into evidence the drug paraphernalia seized from his trash and Moore’s testimony regarding him selling drugs at Six Flags.  Black objected to the admission of the physical evidence pursuant to rules 403 and 404(b) and the testimonial evidence as irrelevant and inadmissible under rule 403.  
Tex. R. Evid. 
403, 404(b).  The trial court overruled the objections without hearing argument from the State.  Because Black did not object to the testimonial evidence as inadmissible under rule 404(b), he has waived his complaint that it was inadmissible extraneous offense evidence.  
See
 
Tex. R. App. P. 
33.1(a).   

The State asserts that the physical evidence was admissible under rule 404(b) as evidence of “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”  
Tex. R. Evid. 
404(b).  Black appears to contend, however, that the State waived this argument because it never “offer[ed] . . . any exception as per rule 404(b).”  We disagree.  In considering a trial court's ruling on the admissibility of evidence, an appellate court must determine whether the trial court abused its discretion.  
Montgomery v. State
, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on  reh’g).  In other words, the appellate court must uphold the trial court's ruling if 
it is reasonably supported by the record and is correct under any theory of law applicable to the case
.
  Willover v. State
, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  Finally, an appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made.  
Id.; Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  The appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement.  
Weatherred
, 15 S.W.3d at 542. 

Rule 404(b) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

Tex. R. Evid.
 404(b).  And rule 403 allows the exclusion of relevant evidence if its probative value is “substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.”  
Tex. R. Evid. 
403.

At the time the physical evidence had been offered, the evidence showed that the police had conducted the search of the dumpster outside the residence based on information received from a private citizen about Black’s involvement in drugs.  At this early point in the trial, the trial court could have reasonably concluded that the physical evidence, i.e., the syringes, Ziploc baggies, and glass pipes, found in the dumpster five days before Black’s arrest were admissible because they showed his intent to distribute illegal narcotics.  Moreover, we do not believe that the trial court erred in determining that the probative value of the evidence found in the dumpster was outweighed by any prejudicial effect.  Thus, the trial court did not abuse its discretion in admitting the physical evidence. 

With regard to Moore’s testimonial evidence that Black had been selling drugs at Six Flags before his arrest, the trial court could have also reasonably concluded that the evidence was relevant to his intent to deliver and that its probative value was not outweighed by its prejudicial effect, if any.  Accordingly, the trial court also did not abuse its discretion in admitting Moore’s testimony.  We overrule Black’s first point.

In Black’s second point, he complains about the trial court’s failure to grant his motion for mistrial following argument by the State at punishment regarding parole law.  Specifically, Black contends the State made an improper “do the math” argument when the prosecutor stated:

I told you right up front if you found this man guilty, we’re going to ask for a life sentence.  I think you can see why.  When you go back there and read this charge it says on page 3 that, among other things, the defendant will be eligible for parole after he has done the equivalent of 15 years. 

The argument made by the State properly summarizes what the court’s charge states—Black is eligible for parole after “the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or fifteen years whichever is less.”  
See Helleson v. State
, 5 S.W.3d 393, 397 (Tex. App.—Fort Worth 1999, pet. ref’d) (holding argument that “a person is eligible for parole when their actual time is one quarter of their sentence” was proper because it accurately summarized the court's charge on parole).  Accordingly, we overrule Black’s second point.

We affirm the trial court’s judgment.
 

PER CURIAM

PANEL F: SAM J. DAY, J. (Retired, Sitting by Assignment); CAYCE, C.J.; and GARDNER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  November 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.