COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-496-CR
 
  
JOHNNY MAXWELL BLACK                                                    APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 158TH DISTRICT COURT OF DENTON 
COUNTY
 
------------
 
MEMORANDUM OPINION 


------------
        Appellant 
Johnny Maxwell Black appeals from his conviction for possession of a controlled 
substance with intent to deliver. In two points, Black argues the trial court 
erred in admitting physical and testimonial extraneous offense evidence and in 
failing to grant a mistrial during the punishment phase following improper 
comments by the prosecutor regarding the application of parole law. We affirm.
        On 
July 17, 2002, the North Central Texas Narcotics Task Force searched the garbage 
outside the home Black was living in and found Ziploc baggies, syringes, and 
broken glass pipes. After seizing this evidence, a search warrant was executed 
on July 22, 2002, to search the residence at 7275 Farm to Market 455 West 
Sanger, Denton County, Texas, where Black was living.         Before 
the search warrant was executed, Black along with Mona Moore and two young girls 
had been at Six Flags, and Black, on two different occasions, left the park to 
sell drugs. After they all returned home, the Task Force executed the search 
warrant and entered the home using a no-knock method entry. Officer Don Jones 
saw Moore in the computer room with baggies that had been cut from larger 
baggies. The police saw Black coming out of the bedroom wearing a T-shirt and 
dark colored sweat pants that had white powder stains. The T-shirt and sweat 
pants were taken into evidence.
        The 
police detained Black in the laundry room while they searched the house. During 
the search, the police found two sets of scales, Black’s eyeglasses, syringes, 
a black case containing a baggie with a white powdery substance, a wicker basket 
containing syringes, cotton swabs, a glass smoking device used to make 
narcotics, and a Ziploc baggie with a white powdery substance in the master 
bedroom. One of the scales had a white powdery substance in its bowl. Black’s 
driver’s license, a syringe, and cash were also found in a night stand and 
dresser drawer in the master bedroom.
        After 
the evidence was seized, it was tested for drug content at the Texas Department 
of Public Safety Crime Laboratory in Garland, Texas. Black’s sweat pants 
tested positive for methamphetamine. One baggie containing a white powdery 
substance tested positive for .86 grams of methamphetamine. Glass pipes found on 
the vanity contained 10.53 grams of methamphetamine, and the baggie found in the 
black case contained 4.73 grams of methamphetamine.
        At 
trial, the basis for Black’s defense was that the drugs were not his, but 
belonged to Moore’s husband. The jury found him guilty of possession with 
intent to deliver, he pleaded true to two enhancement paragraphs, and the jury 
sentenced him to life in prison. This appealed ensued.
        In 
Black’s first point, he argues the trial court erred when it admitted at trial 
physical and testimonial extraneous offense evidence. Specifically, Black 
complains about the trial court admitting into evidence the drug paraphernalia 
seized from his trash and Moore’s testimony regarding him selling drugs at Six 
Flags. Black objected to the admission of the physical evidence pursuant to 
rules 403 and 404(b) and the testimonial evidence as irrelevant and inadmissible 
under rule 403. Tex. R. Evid. 403, 
404(b). The trial court overruled the objections without hearing argument from 
the State. Because Black did not object to the testimonial evidence as 
inadmissible under rule 404(b), he has waived his complaint that it was 
inadmissible extraneous offense evidence. See Tex. R. App. P. 33.1(a).
        The 
State asserts that the physical evidence was admissible under rule 404(b) as 
evidence of “motive, opportunity, intent, preparation, plan, knowledge, 
identity, or absence of mistake or accident.” Tex. R. Evid. 404(b). Black appears to 
contend, however, that the State waived this argument because it never 
“offer[ed] . . . any exception as per rule 404(b).” We disagree. In 
considering a trial court's ruling on the admissibility of evidence, an 
appellate court must determine whether the trial court abused its discretion. Montgomery 
v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh’g). In 
other words, the appellate court must uphold the trial court's ruling if it 
is reasonably supported by the record and is correct under any theory of law 
applicable to the case. Willover v. State, 70 S.W.3d 841, 845 (Tex. 
Crim. App. 2002). Finally, an appellate court must review the trial court's 
ruling in light of what was before the trial court at the time the ruling was 
made. Id.; Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 
2000). The appellate court must uphold the trial court's ruling if it was within 
the zone of reasonable disagreement. Weatherred, 15 S.W.3d at 542.
        Rule 
404(b) states:
Evidence 
of other crimes, wrongs or acts is not admissible to prove the character of a 
person in order to show action in conformity therewith. It may, however, be 
admissible for other purposes, such as proof of motive, opportunity, intent, 
preparation, plan, knowledge, identity, or absence of mistake or accident, 
provided that upon timely request by the accused in a criminal case, reasonable 
notice is given in advance of trial of intent to introduce in the State's 
case-in-chief such evidence other than that arising in the same transaction.

Tex. R. Evid. 404(b). And rule 403 
allows the exclusion of relevant evidence if its probative value is 
“substantially outweighed by the danger of unfair prejudice, confusion of the 
issues, or misleading the jury, or by considerations of undue delay, or needless 
presentation of cumulative evidence.” Tex. 
R. Evid. 403.
        At 
the time the physical evidence had been offered, the evidence showed that the 
police had conducted the search of the dumpster outside the residence based on 
information received from a private citizen about Black’s involvement in 
drugs. At this early point in the trial, the trial court could have reasonably 
concluded that the physical evidence, i.e., the syringes, Ziploc baggies, and 
glass pipes, found in the dumpster five days before Black’s arrest were 
admissible because they showed his intent to distribute illegal narcotics. 
Moreover, we do not believe that the trial court erred in determining that the 
probative value of the evidence found in the dumpster was outweighed by any 
prejudicial effect. Thus, the trial court did not abuse its discretion in 
admitting the physical evidence. 
        With 
regard to Moore’s testimonial evidence that Black had been selling drugs at 
Six Flags before his arrest, the trial court could have also reasonably 
concluded that the evidence was relevant to his intent to deliver and that its 
probative value was not outweighed by its prejudicial effect, if any. 
Accordingly, the trial court also did not abuse its discretion in admitting 
Moore’s testimony. We overrule Black’s first point.
        In 
Black’s second point, he complains about the trial court’s failure to grant 
his motion for mistrial following argument by the State at punishment regarding 
parole law. Specifically, Black contends the State made an improper “do the 
math” argument when the prosecutor stated:
I told 
you right up front if you found this man guilty, we’re going to ask for a life 
sentence. I think you can see why. When you go back there and read this charge 
it says on page 3 that, among other things, the defendant will be eligible for 
parole after he has done the equivalent of 15 years.

        The 
argument made by the State properly summarizes what the court’s charge 
states—Black is eligible for parole after “the actual time served plus any 
good conduct time earned equals one-fourth of the sentence imposed or fifteen 
years whichever is less.” See Helleson v. State, 5 S.W.3d 393, 397 
(Tex. App.—Fort Worth 1999, pet. ref’d) (holding argument that “a person 
is eligible for parole when their actual time is one quarter of their 
sentence” was proper because it accurately summarized the court's charge on 
parole). Accordingly, we overrule Black’s second point.
        We 
affirm the trial court’s judgment. 
                                                          PER 
CURIAM
PANEL F:   SAM 
J. DAY, J. (Retired, Sitting by Assignment); CAYCE, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)

DELIVERED: November 26, 2003