In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00076-CR
______________________________


JOHN SAMUEL NIX, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 31520-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            The police knew John Samuel Nix too well. While police were responding to a disturbance
call at a local Gregg County bar, they noticed Nix driving his pickup truck. One of the officers knew
that Nix's driver's license was suspended at that time. Based on that fact, and Nix's noticeably erratic
driving—he almost hit a police car—officers stopped his vehicle, determined he was intoxicated,
and arrested him. A Gregg County jury convicted Nix for driving while intoxicated (DWI),
subsequent offense, and assessed his punishment at five years' confinement. Nix contends on appeal
that the trial court erred by failing to grant him a mistrial when the State introduced testimony on two
occasions that Nix was driving with his license suspended when arrested for DWI, and erred in
overruling Nix's objection during the punishment phase of the trial to the State's jury argument
regarding application of parole law to any sentence the jury might impose.
            We affirm the judgment because we hold (1) mistrial was not required by the evidence that
Nix's driver's license was suspended, and (2) the State's jury argument concerning parole was not
improper.
1. Mistrial Was Not Required Due to Evidence of License Suspension
            We review a trial court's denial of a mistrial under an abuse of discretion standard. Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); Trevino v. State, 991 S.W.2d 849, 851 (Tex.
Crim. App. 1999). Mistrial is an extreme remedy for prejudicial events occurring during the trial
process. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).
            Nix had obtained a pretrial order that, although the arresting officers could testify Nix did
not possess a valid driver's license at the time, testimony that his driver's license was suspended
would not be admissible. Officer Benjamin Kemper, apparently inadvertently, mentioned the license
suspension in his testimony and immediately changed his wording:
[State]:Did you know Mr. Nix did not have a valid driver's license?
[Witness]:Yes, I did.
[State]:Okay. Did you mention that to the other officers?
[Witness]:Yes, I did.
[State]:Specifically, what did you advise them?
[Witness]:I advised them that Mr. Nix – that the truck belonged to Mr. Nix and
I had dealt with him before and had recently checked the status of his driver's license
because I knew it had been suspended – I'm sorry – was invalid prior to that, and I
had checked within a couple of days of that and knew that it was still invalid at the
timing [sic]. 

            Nix further complains that the same information was also improperly placed before the jury
because the State did not quickly enough mute the volume on a videotape of the incident in which
essentially the same comment was made. The record does not support this contention. The reporter's
record shows that an agreement to mute existed, but then shows only that the videotape was played
before the jury. The reporter did not transcribe the language heard by the jury, and this Court cannot
determine whether the jury heard any reference to the license suspension or whether, if it did, such
would have been harmful. Claims of error must be supported by and based on the record presented
to this Court. Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996).
            The issue raised here is whether the trial court abused its discretion by failing to grant a
mistrial. We find the uninvited and immediately self-corrected reference to the suspension of Nix's
driver's license was not so inflammatory as to require a mistrial. See Kemp v. State, 846 S.W.2d 289,
308 (Tex. Crim. App. 1992). The record reflects no other evidence before the jury that Nix's license
was suspended. We therefore conclude the trial court did not abuse its discretion by refusing to grant
a mistrial.



2. The State's Jury Argument Was Proper
            Nix further contends the trial court erred by overruling his objection to a statement made by
the State during closing arguments at the punishment stage. Nix contends the State suggested that
the jury should issue a harsher sentence because of the application of the parole laws to this case. 
In this situation, the State did not directly implore the jury to consider the applicability of parole or
how it might shorten the time Nix actually spent in prison. Instead, while explaining the range of
the sentence, counsel for the State made comments about which Nix complains:
Although I'm an Aggie, I'm not good at math, and I don't know if it's 700 or however
many days, but in the charge you're going to get, we suggest to you, I think, if you
give him two years, he's going to do two years.
 
Let me read this to you. It has instructions about parole in here, and that's important. 
It says in the Judge's instructions that it cannot accurately be predicted how the parole
law and good-conduct time might be applied to this defendant because this
application on these laws will depend on decisions made by the Parole Board.

Nix's counsel objected:
 
Judge, I'm going to object to him reading only that portion of it, and what he does not
read that you are not to consider – that you are not to consider and they are instructed
not to consider how this law may affect this defendant.

After the court overruled the objection, the State explained, "The bottom line is we don't get to tell
juries because we don't know." The State did not, however, specifically point out that the jury is
required to not consider either the existence of the parole law and good conduct time, or how the law
of parole is to be applied to this particular defendant.
            The punishment charge given to the jury contains the parole instruction required by Article
37.07, Section 4(a) of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
art. 37.07, § 4(a) (Vernon Supp. 2004–2005). Further, the State's final statement was an accurate
summary of the fact that no one knows how the parole law will ultimately apply to any given
defendant. So far as it went, the State's comment concerning parole law is a reasonably accurate,
albeit incomplete, summary of the court's charge on parole. See Whiting v. State, 797 S.W.2d 45,
48 (Tex. Crim. App. 1990) (it is acceptable to paraphrase the court's charge to the jury); Jones v.
State, 641 S.W.2d 545, 550 (Tex. Crim. App. [Panel Op.] 1982) (no error in explaining parole law
as found in court's charge); Helleson v. State, 5 S.W.3d 393, 397 (Tex. App.—Fort Worth 1999, pet.
ref'd). It would be error, however, for the State to present a statement as the law, if it is contrary to
that presented in the charge to the jury. Whiting, 797 S.W.2d at 48.
            This is not a situation where the State asked the jury to "do the math," which would
necessarily ask the jury to do exactly what the charge tells it not to do, apply the parole law to this
particular defendant. Such a comment by the State would be improper. See Helleson, 5 S.W.3d at
398.
            The argument made by the State in this case is not a complete summary of the parole charge,
but correctly sets out the portion summarized. We also recognize that the trial court had, only a few
minutes previously, read to the jury the entire punishment charge, containing the proper and
complete parole instruction. We find that the State's argument was not an impermissible attempt to
encourage the jury to violate its instructions, and thus that the argument was within the scope of
permissible jury argument. We overrule this contention of error.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 10, 2005
Date Decided:             January 25, 2005

Do Not Publish