

**NUMBER 13-12-00659-CR**
**NUMBER 13-12-00660-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DESMOND LEE HOWARD,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

### On appeal from the Criminal District Court 3
### of Tarrant County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Longoria

In a single issue, Appellant, Desmond Lee Howard, challenges a judgment

revoking his probation and sentencing him to five years' imprisonment for his conviction

for indecency with a child by exposure, a third degree felony. *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). We affirm.

## I. BACKGROUND[1]

Appellant entered pleas of guilty to two felony informations[2] alleging the offenses of indecency with a child by exposure. *See id.* Pursuant to a plea bargain, the trial court sentenced Appellant to a ten-year period of deferred adjudication probation and assessed a $1,000 fine. The State subsequently filed Petitions to Proceed to Adjudication, alleging two violations of the conditions imposed on his probation. The State alleged that during a routine conversation with his probation officer, Appellant violated his probation by threatening to retaliate against his victims and their family.[3] Appellant made these statements in response to the probation officer's questions about certain statements made by the victims relating to the indecency with a child offense. The trial court found the two allegations of retaliation to be true and adjudicated Appellant guilty of the original offense of indecency with a child by exposure. In his sole issue, Appellant argues that the trial court abused its discretion in finding the allegation of retaliation to be true. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review the trial court's order revoking community supervision probation for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The State's note on the "Certificate of Proceedings" of 4/10/12 shows Appellant waived his right to indictment and proceeded on the informations.

[3] The victims in this case are siblings.

The State has the burden of proving that a defendant committed a violation of the terms of his supervision by preponderance of the evidence. *Id.*; *Antwine v. State*, 268 S.W.3d 634, 637 (Tex. App.—Eastland 2008, pet. ref'd). Proof of any of the alleged violations of conditions of supervision is sufficient to support a revocation order. *Antwine*, 268 S.W.3d at 637. Generally, decisions turning on the credibility of the witnesses, the weight given to their testimony, and the evidence presented are reviewed in the light most favorable to the trial court's ruling and at its discretion. *Cardona v. State*, 655 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). A trial court does not abuse its discretion if the weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *See Rickels*, 202 S.W.3d at 764.

## B. Applicable Law

The offense of retaliation consists of a threat that (1) "harms or threatens to harm" another, (2) "on account of" their services as a witness. TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011). "Another" is defined as "a person other than the actor." *Id.* § 1.07(a)(5) (West Supp. 2012). A defendant's intent can be shown by circumstantial evidence. *In re B.P.H.*, 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.) (citing *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982)); *Helleson v. State*, 5 S.W.3d 393, 396 (Tex. App.—Fort Worth 1999, no pet.); *see also Franklin v. State*, No. 05-09-01447-CR, 2011 WL 783626, at *2 (Tex. App.—Dallas March 8, 2011, no pet.) (mem. op., not designated for publication) ("Appellant's retaliatory motivation may be shown through circumstantial evidence.").

## C. Discussion

Appellant argues that there is insufficient evidence to sustain the trial court's finding of true to the allegations. The evidence showed that Appellant made comments about possibly putting a "hit" out on the victims' family, but Appellant argues on appeal that (1) no evidence was presented to show that he directed any threats towards the victims who were named in the State's Petition, and (2) there were no references in his threats that the "hit" was "on account of the services of" either one of the victims or the family of the victims "as a witness or potential witness." *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A). We disagree.

The State had the burden to plead and prove credible evidence of retaliation, that he made a statement in which he (1) "harms or threatens to harm" another, (2) "on account of" their services as a witness. *Id.* § 36.06(a)(1)(A). A defendant's intent to retaliate can be inferred from circumstantial evidence such as the defendant's acts, words, or conduct. *In re B.P.H.*, 83 S.W.3d at 407. The record shows that Appellant's threats were prompted during a routine visit with his probation officer, where the probation officer asked Appellant questions about statements made by the victims. The probation officer testified that Appellant's answer, that he would put a "hit" on the family, "concerned" her. The probation officer reiterated back to Appellant what he had said, and Appellant repeated the same answer reassuring the probation officer that there would be a "hit" on his victims and their family. Appellant's answer to the probation officer showed that Appellant was angry at the victims' family and at the victims themselves. The probation officer testified that she took the threat very seriously and was "concerned" for the safety of the family and the victims themselves.

4

Because the State produced evidence that Appellant threatened to kill the victims' family immediately after being told by his probation officer of the victims' statements regarding Appellant's original offense, we conclude that the trial court could fairly infer that Appellant intended to harm the victims named in the petition and "on account of" their service as witnesses in Appellant's criminal case. *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011). Viewing the evidence in the light most favorable to the trial court's discretion, we conclude that the weight of credible evidence produced by the State enabled the trial court to form a "reasonable belief" that Appellant violated his probation by committing the offense of retaliation and therefore find no abuse of discretion. *See Rickels*, 202 S.W.3d at 764. We overrule Appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgments of conviction.

_/s/ Nora L. Longoria_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.

5