

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00194-CR

JAY STEVEN MILLER                                   APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 1222709

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jay Steven Miller of driving while intoxicated (DWI), and the trial court sentenced him to ninety days' confinement, probated for two years, and a fine of $1,000. Appellant brings a single point on appeal, arguing that the trial court reversibly erred by overruling his objection to the

---

[1]*See* Tex. R. App. P. 47.4.

prosecutor's improper jury argument.  Because Appellant failed to preserve this complaint, we affirm the trial court's judgment.

**Brief Facts**

Appellant was arrested after he left a bar in Fort Worth.  The bar's doorman called the police after witnessing Appellant twice back his car into another car in the bar's parking lot.  The doorman stood behind Appellant's car to prevent his leaving until the police could arrive.  The police arrested Appellant for DWI.

At trial, the State called as a witness John Neese, a breath test operator for the City of Fort Worth.  Neese testified that he conducted a breath test on Appellant after waiting for a required observation period and that the observation period had to be at least fifteen minutes.  The State then called Mark Fondren, a forensic chemist with the Tarrant County Medical Examiner's office.  During Fondren's testimony about the use of an intoxilyzer, the prosecutor asked him what the purpose was for the fifteen-minute waiting period.  He responded,

> The purpose is actually twofold.  First, it is a specific requirement within the rules and regulations of breath testing, that the operator have that individual in their presence for at least 15 minutes.
>
> Secondly, and the reason it is a requirement, we want the operator to take steps during that time period to ensure that the subject doesn't consume any other beverages, whether that be alcoholic or nonalcoholic; to be watchful that they don't place other foreign materials into their mouth, that would be like gum, mints, things of that nature; and to be on guard that the subject doesn't burp, belch or regurgitate stomach contents that may or may not contain alcohol back up to the mouth.

Fondren further stated that

> [t]he 15 minutes was originated within the rules of breath testing, not only Texas but breath testing as a science, back when we used chemicals. We used different reagents and actually could not tell the difference between a contaminated breath profile versus a noncontaminated. That's one of the advantages of a infrared-based instrument as compared to a chemical reagent-type test.

Later in Fondren's testimony, the prosecutor asked him if the test record indicated that the proper techniques were followed. Fondren answered that the record did not mention the fifteen-minute waiting period but that by looking at the record, he could "see that all the steps were completed."

During closing argument, the prosecutor made the following argument based on Fondren's testimony:

> Let's talk about this 15-minute waiting period. You heard from Mark Fondren that that 15-minute waiting period is from an old guard. It's from an old instrument, an old technology that they don't use anymore. For all intents and purposes, it's pointless. The only reason it must be observed is because the law says it has to. Well, guess who gets to decide whether evidence goes before you or not, whether evidence is admissible in court? He does, Judge Mills.
>
> If the proper procedure—

Appellant objected that the prosecutor's argument was "a misinterpretation to the jury. That is a guideline that's held through the operator's manual, not a law in the State of Texas." The trial court overruled the objection. The prosecutor then continued, "If the proper process, the 15-minute waiting period, was not observed in this case, it is an illegally obtained sample, it is not

3

admissible in court, you would not hear about it. That's the bottom line." Appellant did not object to this repetition of the argument.

**Preservation of Appellate Complaint**

In his sole point on appeal, Appellant argues that the trial court reversibly erred by overruling his objection to the State's jury argument because the prosecutor mischaracterized the judge's role. To preserve a complaint for appellate review, a party must object each time the objectionable argument is made or else secure a running objection to the argument.[2] Appellant did not object when the prosecutor repeated essentially the same argument to which he had objected. Appellant has, therefore, failed to preserve his complaint for appellate review. Even if we were to hold that he preserved error regarding the

---

[2]*Johnson v. State*, No. 02-06-00348-CR, 2007 WL 1952367, at *1 (Tex. App.—Fort Worth July 5, 2007, no pet.) (mem. op., not designated for publication) ("Because [Johnson] failed to obtain an adverse ruling on all objections to the prosecutor calling him mad and all objections to the prosecutor contending that [Johnson] wanted to get even with the complainant, [Johnson] has failed to preserve these points for appeal."); *Helleson v. State*, 5 S.W.3d 393, 398 (Tex. App.—Fort Worth 1999, pet. ref'd); s*ee, e.g., Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999); *Stevenson v. State*, 304 S.W.3d 603, 618 (Tex. App.—Fort Worth 2010, no pet.); *Montgomery v. State*, 198 S.W.3d 67, 81 (Tex. App.—Fort Worth 2006, pet. ref'd); *Moore v. State*, 154 S.W.3d 703, 710 (Tex. App.—Fort Worth 2004, pet. ref'd); *Glassey v. State*, 117 S.W.3d 424, 432 (Tex. App.—Fort Worth 2003, no pet.) (all standing for same proposition regarding admission of evidence).

4

individual argument to which he timely objected, we would also hold such error, if any, harmless because of the similar, unobjected-to argument.[3]

We overrule Appellant's sole point on appeal and affirm the trial court's judgment.


/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 16, 2015

---

[3]*See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).