In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00346-CR
_____

**MICHAEL LAWRENCE POUSSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-39091**

**MEMORANDUM OPINION**

A jury convicted Michael Lawrence Pousson of Continuous Sexual Assault

of a Child, a first-degree felony.[1] *See* Tex. Penal Code Ann. § 21.02. The jury then

sentenced Pousson to forty-five years incarceration in the Texas Department of

Criminal Justice. In two issues on appeal, Pousson argues the trial court erred by

[1]The record reflects that the judgment in this case shows the appellant's name listed as "Michael Lawrence Pousson" and "Michael Lawerence Pousson[.]" For purposes of our opinion, we will refer to Pousson as "Michael Lawrence Pousson."

admitting hearsay when an officer testified regarding the child victim's statements made during a forensic interview, and the prosecutor engaged in improper argument. We affirm.

## Background

We limit our recitation of facts to that which is necessary to the appeal's resolution. Erin testified Pousson, her mother's fiancé, sexually assaulted her several times from the time she was five years old to seven years old.[2] These sexual assaults included putting his sexual organ in her mouth and putting his sexual organ in her vagina and anus. After Erin reported the sexual abuse to her mother, she underwent a forensic interview at Garth House Children's Advocacy Center with Magan Bonner. Although the video of the interview was not played for the jury, Bonner recounted what Erin told her regarding Pousson's abuse. According to Bonner, Erin stated that Pousson sexually assaulted her multiple times.

Detective John Hudson was present at Erin's forensic interview at the Garth House, and, over objection from defense counsel, Hudson testified that Erin made allegations that would support the criminal offense of Continuous Sexual Abuse of a Child as defined by the Texas Penal Code.

---

[2]We refer to the victim by a pseudonym to protect her privacy. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

During closing argument, the prosecutor made the following statements to the jury:

[THE STATE]: I told you at the beginning of this there would be questions that would go unanswered. There would be things you know existed that don't come into evidence. And [Defense Counsel] and I both know the Rules of Evidence. Some stuff just doesn't come in. It's hearsay, right? You know what does come into evidence, though? Inconsistencies. When [Defense Counsel] wants someone to -- wants to take someone to ask for an inconsistency, she can march on up there with her transcript and say, Well, that's not what you say this day, right? She didn't do that with [Erin] about the video. Because [Erin] was consistent.

[DEFENSE COUNSEL]: Objection, Your Honor. I didn't ask [Erin] about the video and what she said at the Garth House interview.

[THE STATE]: Okay.

THE COURT: That's what she just -- overruled. Go ahead.

[THE STATE]: And she could have. She could have asked every question she wanted to, but she didn't want anymore information in front of y'all because that information would have been consistent with what [Erin] told you today on the stand.

The jury convicted Pousson of Continuous Sexual Assault of a Child, and he was sentenced to forty-five years incarceration in the Texas Department of Criminal Justice. Pousson timely appealed.

## Issue One

In his first issue, Pousson argues the trial court erred by allowing hearsay testimony from Detective Hudson regarding Erin's statements during her forensic interview. He contends the evidence was inadmissible hearsay, and since it went to

3

the crux of the case, its admission was harmful, warranting a reversal of his conviction.

We review the admission of evidence under an abuse-of-discretion standard. *See Bingham v. State*, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999) (citations omitted). If we determine the trial court erred in overruling an objection to hearsay, we must determine whether the error caused harm. *See* Tex. R. App. P. 44.2(b). Because the admission of inadmissible hearsay is non-constitutional error, we consider it harmless if, after examining the record as a whole, we are reasonably assured the error did not influence the jury or had but slight effect. *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (citations omitted); *see also* Tex. R. App. P. 44.2(b). Likewise, "inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove." *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991) (citations omitted); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (citations omitted).

After testifying that he watched the forensic interview "to determine whether or not criminal activity is even being alleged[,]" Hudson was asked:

Q. In E[rin]'s cases, did she make allegations that comprised of a criminal allegation?

[Defense counsel]: Objection, Your Honor, hearsay.

4

THE COURT: Overruled.

A. Yes, she did.

Q. (BY [State's counsel]) What was the offense that she was alleging?

A. The offense in the Penal Code is continuous sexual abuse of a child or young children I believe is the statute.

On appeal, Pousson argues this testimony was inadmissible hearsay which improperly bolstered the child's credibility. An out-of-court statement is hearsay if a party seeks to introduce the statement "to prove the truth of the matter asserted in the statement." Tex. R. Evid. 801(d). Hudson did not tell the jury what Erin said during her interview. Rather he testified that her "allegations" invoked the Penal Code's definition of continuous sexual assault of a child. Because Hudson did not offer Erin's statements for the truth of the matters asserted, his testimony did not constitute hearsay. *See id*. 801(d)(2).

But even if Hudson's testimony impliedly conveyed hearsay, any error in admitting the testimony was harmless because the details of the alleged sexual assault were admitted through other witnesses and evidence. *See Johnson*, 967 S.W.2d at 417; *Mayes*, 816 S.W.2d at 88. Erin testified at trial that Pousson sexually assaulted her several times over a two-year period by putting his sexual organ in her mouth, or by putting his sexual organ in her vagina or anus. Mother testified that Erin told her that Erin did not want to stay with Pousson because he was hurting her

5

and touching her inappropriately. Erin told her mother that Pousson put his penis in her anus and vagina. Based on the record as a whole, we conclude any error in admitting Hudson's testimony was harmless. *Johnson*, 967 S.W.2d at 417; *Mayes*, 816 S.W.2d at 88. We overrule issue one.

## Issue Two

In his second issue, Pousson complains that during closing argument, the State told the jury that defense counsel did not attempt to impeach Erin with her out-of-court interview at the Garth House (which was not in evidence), because what she said in the interview would have been consistent with her trial testimony. Pousson asserts the State's argument was improper because it injected matters that were outside the record.

To preserve error for review, a litigant must timely object to the alleged error and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. *See* Tex. R. App. P. 33.1(a)(1)(A); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The purposes of requiring a timely, specific objection are (1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and (2) to give opposing counsel the chance to remove the objection. *Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004) (citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)). A

6

defendant forfeits his right to complain on appeal about an improper jury argument if he fails to object to the argument. *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004). Additionally, the point of error on appeal must comport with the objection made at trial. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

Defense counsel's objection at trial was "Objection, Your Honor. I didn't ask E[rin] about the video and what she said at the Garth House interview." Defense counsel did not object that the State's argument injected matters that were outside the record. But assuming without deciding that the basis of Pousson's objection was sufficiently apparent from context, Pousson still failed to preserve the argument he makes on appeal, because after his objection was overruled, the State continued, "And [Defense Counsel] could have. She could have asked every question she wanted to, but she didn't want anymore information in front of y'all because that information would have been consistent with what E[rin] told you today on the stand." Pousson did not object to the State's continuation of the argument. We conclude Pousson failed to preserve his complaint for appellate review. *See McFarland v. State*, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992) ("Where the same evidence or argument is presented elsewhere during trial without objection, no reversible error exists."); *Helleson v. State*, 5 S.W.3d 393, 398 (Tex. App.—Fort Worth 1999, pet. ref'd) (same); *Trejo v. State*, 594 S.W.3d 790, 803-04 (Tex. App.—

Houston [14th Dist.] 2019, no pet.) (same); Tex. R. App. P. 33.1. We overrule Pousson's second issue.

## Conclusion

Having overruled Pousson's issues, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 26, 2025
Opinion Delivered August 27, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.